# Pfoutz *v.* Pennsylvania Telephone Company, Appellant.

*Telephone companies—Eminent domain—Act of April* 29, 1874, *P. L.* 73.

Under the Act of April 29, 1874, sec. 33, P. L. 73, a telephone company has not the right of eminent domain over the private lands of individual owners.

Where a telephone company has filed a bond general in its terms so as to cover damages resulting from the erection of its poles both on the private lands of an individual owner and on roads abutting on such lands, and the court has awarded a preliminary injunction against the company at the instance of the owner, the court in continuing the injunction will

106   PFOUTZ *v.* PENNA. TELEPHONE CO., Appellant.

omit all reference to the roads, although the supervisors have not consented to the use of the roads.

Not decided whether municipal consent is necessary to the use of roads by a telephone company.

Argued Oct. 20, 1903.   Appeal, No. 174, Oct. T., 1903, by defendant, from decree of C. P. Franklin Co., Equity Docket vol. 2, p. 347, continuing preliminary injunction in case of Jacob Pfoutz v. Pennsylvania Telephone Company.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Decree modified.

Bill in equity for an injunction.   Before JOHN STEWART, P. J.

The opinion of the Superior Court states the case.

The court entered the following decree :

And now, to wit: February 24, 1903, this cause came to be heard on final hearing on bill and answer and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, judged and decreed as follows, to wit: That the defendant, the Pennsylvania Telephone Company, their officers, agents, employees and workmen, be and hereby are perpetually enjoined and restrained from erecting, constructing and maintaining a line of poles and wires for transmission of electricity upon and over land of the plaintiff in Quincy township, described in the plaintiff's bill, and upon and over that part of the public road in said township leading from Quincy to Five Forks, upon which the said land of the plaintiff abuts, as prayed for in plaintiff's bill, and that the costs of this case be paid by the defendant.

*Error assigned* was the decree of the court.

*Addison Candor*, with him *C. La Rue Munson* and *Brewer & Ruthrauff*, for appellant.

*J. A. Strite*, for appellee.

OPINION BY BEAVER, J., January 21, 1904:

We have this day filed an opinion in the case of the Pennsylvania Telephone Co. v. Hoover, ante, p. 96, which

involves the question here presented, and much that is there said will apply here.

In that case the telephone company sought to restrain the defendant from interfering with its passage over his land in the construction of a telephone line. In this case the plaintiff seeks to restrain the same company from entering upon his premises, under the right of eminent domain, the question being, as stated in the appellant's statement of the question involved, " Whether a telephone company, duly incorporated under the provisions of the act of assembly of the commonwealth of Pennsylvania, approved April 29, 1874, P. L. 73 (see sec. 33, p. 92) is clothed with the right of eminent domain." The reasoning employed and the general conclusion reached in the case above referred to will apply in general here. The first, second and third assignments of error are, therefore, overruled, except as to the modification of the decree hereinafter made.

What is complained of in the fourth, sixth and seventh assignments of error relates to the discussion of the general subject and to irrelevant facts and does not necessarily affect the conclusion reached. Whether strictly correct, therefore, is immaterial and the assignments need not be discussed.

The fifth, eighth, ninth and tenth assignments relate to the construction of the clauses contained in the 33d section of the general corporation act of April 29, 1874, at page 92, under which the defendant claims the right of eminent domain and, as the conclusions reached in reference thereto are in exact accord with the opinion above referred to, the said several assignments are all overruled.

As to the general decree, in so far as it relates to the poles proposed to be erected by the defendant company in the highway, it should perhaps be modified so as not to embrace them. The bill has two specific prayers in addition to those for answer and general relief : " *b.* That the defendant company may be perpetually enjoined from erecting and maintaining a line of poles and wires upon plaintiff's land other than that used for the public highways," and " *c.* That the defendant company be perpetually enjoined from erecting and maintaining a line of poles and wires on that part of public highway upon which plaintiff's land abuts." The defendant's answer, in its fourth paragraph, denies that defendant is without authority to erect

and maintain its line upon the roadway upon which the plaintiff's land abuts and " avers (*a*) that it is not necessary to secure the consent of the supervisors to the erection of its poles on the public highways of Quincy township, for the reason that the act of the 29th of April, 1874, under which it is chartered, expressly confers upon it the right to make such erection so long as it does not incommode the public use of said highway.   (*b*) The supervisors have no right to interfere with the erection until said public use of the highway is, or is about to be, incommoded. (*c*) That, even though said consent be necessary, which it denies, no one can object to the absence of it, except the supervisors themselves, and the fact is, therefore, irrelevant to this inquiry."   Assuming, as the court below does, that a telephone company is a telegraph company, so far as the purposes of this case are concerned, it seems to us that the bond filed by the defendant covers the damages which may be done to plaintiff's land, by reason of the additional servitude imposed upon his fee in the public highway (Shevalier *v.* Postal Telegraph Co., 22 Pa. Superior Ct. 506), and hence the injunction should have been continued only as to the poles and wires sought to be erected upon the defendant's private lands.

We do not now determine, nor is it necessary to discuss the question of the necessity for municipal assent to the use of the highway by the defendant.   That is not necessarily involved in this case and we do not wish, by our silence, to give assent to the position taken by the defendant in the portion of its answer herein referred to in regard to it.   All that we do decide is that, so far as the plaintiff in this case is concerned, the defendant has the right, upon filing a proper bond, to use the highway for the erection of poles and the stretching of wires thereon in the erection of its telephone line.   The court below says : " Could we regard the bond filed in this case as covering the land of the plaintiff occupied by the highway, as to so much the case would be with the defendant, conceding it to be a telegraph company, but such cannot be the understanding of the defendant since the answer rests defendant's right to the highway wholly upon the act of assembly conferring such privilege and distinguishes between it and the other land of the plaintiff."   The bond is general in its terms and applies to all the land owned by the defendant in fee and seems to us, therefore, to cover any

damages which may arise by the erection of the poles upon that portion of the land owned by him in fee, occupied by the public highway. It is not so much a question as to what the intention of the defendant is as what is the legal effect of the bond, and, as there is no distinction in the bond between the plaintiff's land occupied by the highway and the remainder thereof, we cannot see why the bond will not apply. Whether this be so or not, as we have held in Shevalier v. Postal Telegraph Co., supra, the company would be liable in trespass for any damages done to the lands of the plaintiff by the defendant in the highway. Inasmuch as the continuance of the injunction would prevent the erection of the company's line along the highway, we think it would be better to limit the scope of the injunction under all the circumstances and in view of the fact that no injustice will thereby be done the plaintiff.

We would, therefore, amend the decree by omitting therefrom the words " and upon and over that part of the public road in said township leading from Quincy to Five Forks, upon which the said land of the plaintiff abuts," making the injunction apply only to that portion of the line proposed to be erected over the land of the plaintiff in Quincy township described in the plaintiff's bill outside the public road, and, as so modified, the decree is affirmed at the appellant's costs.

RICE, P. J., and PORTER, J., would sustain the tenth assignment of error.