# The Central District and Printing Telegraph Company, Appellant, *v.* Homer City Borough.

*Telegraph and telephone companies—Boroughs—Occupancy of streets—Consent of authorities—Laches—Act of April 22, 1905, P. L. 294.*

1. The Act of April 22, 1905, P. L. 294, did not repeal the

supplement to the Act of April 29, 1874, Section 33, P. L. 73, passed May 1, 1876, P. L. 90, making it a condition to the occupancy of streets in a municipality by a telephone company that the consent of the municipality must first be obtained.

2. For fifteen years a telephone company maintained and operated a telephone line through the main street of a borough. Permission by ordinance to enter upon this street and construct its lines thereon was never given the company, nor did the borough have any general ordinance regulating the use of the street by telephone companies. The company, desiring to enter upon other streets of the borough and extend its lines thereon, made this known to the borough authorities, but no action was ever taken by the borough. The company directed its employees to proceed with the work of extension. The employees, being threatened with arrest by the burgess of the borough if they attempted to interfere with the streets, desisted and thereupon a bill was filed praying that the borough be enjoined from interfering with the work of the proposed extension. *Held,* that while the borough by laches had lost the right to interfere with the maintenance of the telephone line on the main street there could be no extension of the lines without permission from the borough authorities and that the bill was properly dismissed.

3. In making it a condition of the right of telephone companies to enter upon the streets of a municipality the legislature did not contemplate that such consent could be withheld except for considerations affecting public welfare; any arbitrary or capricious withholding of consent by municipal authorities would not be justified. If conditions or regulations be imposed they must be reasonable.

*Constitutional law—Titles to bills.*

4. A title to a bill which tends to mislead, stands upon a different footing from one which is merely general in its terms. When the title conveys the belief that one subject is the basis of bill while another and different one is its real subject, it tends to mislead by diverting the attention from the true object of the legislation. In such a case the subject is not "clearly expressed" in the title since it is not expressed at all.

Argued October 13, 1913.  Appeal, No. 242, October T., 1913, by plaintiff, from decree of C. P. Indiana Co., Dec. T., 1912, No. 1, dismissing bill in equity in case of The Central District and Printing Telegraph Company v. The Borough of Homer City.  Before FELL, C. J.,

BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Bill in equity for an injunction. Before TELFORD, P. J.

The opinion of the Supreme Court states the case.

The court made a decree dismissing the plaintiff's bill.

*Error assigned,* among others, was in dismissing the bill.

*Thomas Patterson,* of *Patterson, Crawford, Miller & Arensberg,* with him *Springer H. Moore* and *D. B. Taylor,* for appellant.

*S. M. Jack,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 5, 1914:

For a period of fifteen years the plaintiff company, here the appellant, has maintained and operated a telephone line leading from the Borough of Indiana and beyond, to and beyond the Borough of Blairsville, passing directly through the main street of the defendant borough. Permission by ordinance to enter upon this street and construct its lines thereon was never given the plaintiff company, nor has any general ordinance regulating the use of the streets of the borough by telephone companies, ever been adopted by the defendant borough. In 1912 the defendant company, desiring to enter upon other streets of the borough and extend its lines thereon, notified the borough authorities of its purpose in this regard, stating in the notice that the work of construction would be delayed two weeks to afford the borough opportunity to adopt reasonable regulations in connection therewith. A month following this notice, the plaintiff presented to the borough authorities a blue print showing the proposed extension of line and asked for its approval. No action having

been taken on the subject by the borough, some three months later, 17th July, 1912, the plaintiff company directed its employees to proceed with the work of extension. The employees being threatened with arrest by the burgess of the borough if they attempted to interfere with the streets, desisted, and thereupon this bill was filed praying that the borough be enjoined from interfering with the work of the proposed extension. After hearing the bill was dismissed at the cost of appellant company. The appeal raises a single question. Except as the Act of April 22, 1905, P. L. 294, supplementing the thirty-third section of Act of April 29, 1874, P. L. 73, under which the plaintiff company was incorporated, repeals the supplement to that act passed May 1, 1876, P. L. 90, Section 4, the plaintiff company, while its right to continue in the occupancy of the main street of the borough can no longer be questioned because of the borough's acquiescence and laches (Bradford v. Telephone Telegraph Company, 206 Pa. 582), could have no right to extend its line upon and over other streets of the borough without the previous consent of the borough expressed by ordinance. Though the borough has by its acquiescence and laches estopped itself from denying the right of the telephone company to occupy its main street, such estoppel cannot operate to prevent the borough from asserting, against the telephone company, its statutory rights with respect to the remaining streets. The Act of April 29, 1874, in conferring upon telegraph companies the right to construct their lines along and upon the public streets of a municipality, did not make it a condition that the consent of the municipality was first to be obtained; but by the supplementary Act of May 1, 1876, this was changed. The fourth section of the latter act provides:

"That before the exercise of any of the powers given under this act, application shall be first made to the municipal authorities of the city, town or borough in which it is proposed to exercise said powers, for per-

mission to erect poles or run wires on the same or over or under any of the streets, lanes or alleys of said city, town or borough, which permission shall be given by ordinance only, and may impose such conditions and regulations as the municipal authorities may deem necessary."

This was the governing law when the plaintiff constructed its line through the main street of the defendant borough, and still is unless repealed by subsequent amendment of 22d April, 1905. It is appellant's contention that the later act repealed the earlier, and this raises the one question. The court below held that no repeal of the Act of 1876 resulted, and this ruling we think was entirely correct. We find no indication in the Act of 1905 of any legislative purpose to remove the condition as to municipal consent which the Act, as supplemented by that of 1876, requires to be met before a telephone company can occupy a municipal street with its posts and fixtures; on the contrary, we think it evident that the sole and only purpose of the supplement was to so enlarge the rights and privileges of telephone and telegraph companies that, in addition to the right to construct their lines upon the surface of the streets, they might have the right to construct them as well by subways under the streets. No repugnance between clause 1 of Section 33, of the Act of 1874, as amended by the Act of 1905, and Section 4 of the supplementary Act of 1876 is discoverable. The supplementary Act of 1876 was entirely consistent with the Act of 1874 before the amendment of 1905 was passed, and is quite as much so now. Being a supplement, it stood as an addition to the Act of 1874, and it so stands now, in the absence of any express or implied repeal. If anything more was intended by the Act of 1905 than what we have indicated, not only would the title to the act be misleading, but it would be open to another equally fatal objection, namely, that it embraces two distinct subjects, and it would follow that as to what is not included in the title

the act would be violative of Section 3, Article III, of the Constitution.

"A title to a bill which tends to mislead, stands upon a different footing from one which is merely general in its terms. When the title conveys the belief that one subject is the basis of the bill, while another and different one is its real subject, it is evident that it tends to mislead by diverting the attention from the true object of the legislation. Confiding in the title as applicable to a purpose unobjectionable to the reader he is led away from the examination of the body of the bill. In such a case the subject is not clearly expressed in the title. Indeed it is not expressed at all....... It was argued by the counsel that the part of the title of the Act of 1872 which declares it to be a supplement is itself sufficient to support the enactment, and reference was made to the titles of numerous acts stating that they are supplements without more. We do not intend to enter into a discussion of the constitutionality of such law. If constitutional, another question might also arise whether such a title could constitutionally extend the original act to new objects. Putting aside these questions as unnecessary to determine this case, it is sufficient to say that this title is not that it is a supplement to the charter merely, but it distinctly expressed the particular purpose of the supplement, to-wit: 'To enable the company to declare dividends quarterly and lay additional tracks of railway.' It therefore follows within the maxim expressio unius est exclusio alterius. The further expression of these purposes would itself tend to mislead, if others could be added in the enactment ad libitum, for the title purports to confine the enactment to this alone": Union Passenger Railway Company's Appeal, 81* Pa. 91.

The telephone company not having the right to enter upon the streets upon which it proposed to erect its poles, the borough authorities were acting strictly within their duty when they interposed to prevent the

invasion. An injunction to prevent further interference on their part would have been without semblance of right. Until by ordinance the borough shall have given its consent to the occupation by the telephone company of other streets than those on which it now has its poles, the telephone company must be confined within its present limits. In making it a condition of the right of such companies to enter upon the streets of a municipality, however, the legislature did not contemplate that such consent could be withheld except for considerations affecting public welfare. Any arbitrary or capricious withholding of its consent by borough authorities would not be justified. So too with respect to the imposition of conditions and regulations by the borough. If any be imposed, the law contemplates that they shall be reasonable, and not arbitrarily imposed simply with a view to defeat their acceptance by the applying company. We will not assume in this case that the defendant in withholding its consent to the proposed extension of plaintiff's lines has been influenced by other than proper public considerations. If the plaintiff company is of opinion that it is being denied the privilege it asks, for other than public considerations, the law provides a way by which relief may be had, if its contention be made good; but such an issue cannot be tried in a proceeding like the present.

The assignments of error are overruled and the decree is affirmed.