# Wodack, Appellant, *v.* Bell Telephone Co. of Pennsylvania.

*Telephone companies—Use of highways—Townships of second class—Consent of supervisors—Acts of April 22, 1905, P. L. 294, and July 22, 1913, P. L. 915.*

A telephone company has the right to use the highways of a township of the second class, without securing the consent of the supervisors as a prerequisite to the exercise of such right. If a landowner is injured by such use of a highway, his remedy is an action for damages against the company, or an action on the company's bond if it has filed one.

Argued Nov. 16, 1915. Appeal, No. 91, Oct. T., 1915, by plaintiff, from decree of C. P. Bucks Co., April T., 1915, No. 3, dissolving preliminary injunction in case of Philip Wodack v. The Bell Telephone Company of Pennsylvania. Before RICE, P. J., HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Bill in equity for an injunction.

RYAN, P. J., found the facts to be as follows:

The plaintiff owns a property abutting on a township highway, in the Township of Doylestown, and County of Bucks.

The defendant is about to erect a telephone line along and in front of said premises, but within the limits of the said highway, and has filed its bond conditioned for the payment of such amount of damages to the plaintiff as may be agreed upon between the parties, or may be assessed in the manner provided by law, which bond has been approved by this court.

Permission has been granted to the said defendant company to construct its line along said highway by the State highway commissioner, "subject to the consent of the township authorities," but no such consent of said authorities has been obtained.

A preliminary injunction has been granted in accordance with the prayer of plaintiff's bill to restrain the construction of said telephone line by the defendants along and in front of plaintiff's property.

The court dissolved the preliminary injunction.

*Error assigned* was decree dissolving preliminary injunction.

*Webster Grim*, with him *Harry E. Grim*, for appellant, cited: St. Mary's Gas Co. v. Elk Co., 191 Pa. 458; Groff's App., 128 Pa. 621; Penna. R. R. Co.'s App., 93 Pa. 150.

*John C. Swartley*, of *Swartley & Bunting*, for appellee, cited: Shevalier v. Postal Tel. Co., 22 Pa. Superior Ct. 506; Pfoutz v. Penna. Telephone Co., 24 Pa. Superior Ct. 105; Brown v. Radnor Twp. Electric Light Co., 208 Pa. 453; American T. & T. Co. v. Reed, 15 Pa. Dist. 649; Stoops v. Kittaning Tel. Co., 242 Pa. 556.

OPINION BY TREXLER, J., March 1, 1916:

The State Highway Department gave the defendant company permission to occupy with its telephone line, the public road, part of which is included within the plaintiff's title, said permission being given "subject to the consent of the township authorities." This consent was never obtained and plaintiff, alleging that fact in his bill, seeks to prevent the construction of the telephone line. Under the Township Road Act, July 22, 1913, P. L. 915, the State Highway Department has the "general supervision of all township highways which are constructed, improved or maintained in whole or in part by the aid of State moneys, excepting State and State-aid highways, otherwise provided for." Giving the term "general supervision" its broadest meaning, it may be argued that the State Highway Department has the right to regulate the methods to be employed and the location to be selected by the company in the erection of its line so that "the same shall be so constructed as not to incommode the public use" (Act of April 22, 1905, P. L. 294), but there is nothing in the act which warrants the assumption that it can withhold its consent. It certainly cannot give consent to the company to occupy the road and annex the condition that the supervisors of a second class township must also consent. If the consent of the supervisors were necessary under any act of assembly, then of course, the matter would present an entirely different aspect. We know of no legislation requiring such consent.

The Act of May 1, 1876, P. L. 90, provides that telegraph companies must obtain the consent of the municipality before such company can occupy the streets. The Act of April 22, 1905, P. L. 294, amending the 23d Section of the Act of April 29, 1874, P. L. 73, did not repeal the Act of 1876: Cent. D. & P. T. Co. v. Homer City Boro., 242 Pa. 597. The Act of 1876 applies to telephone companies, but does not apply to townships of the second class: Peoples, Etc., Tel. Co. v. Berks & Dauphin

Turnpike Co., 199 Pa. 411. The Act of 1905 gave the right to telephone companies to construct lines under and upon any of the highways of the State, subject to the reasonable regulations of the municipalities through which they pass. A second class township is not a municipality, but if it were, the Act of 1905 does not require the consent of the local authorities; it merely gives them the right to regulate.

The company has the right to use the highways: that right cannot be denied. The consent of the supervisors is not a prerequisite to the exercise of said right.

The damages, if any, that may be occasioned to the land of the plaintiff within the road limits by the erection of poles and stringing wires, can be recovered in an action of law: Shevalier v. Postal Tel. Co., 22 Pa. Superior Ct. 506. Payment of these damages has, in this case, been secured by a bond, and his rights are thus fully protected. In Pfoutz v. Penna. Tel. Co., 24 Pa. Superior Ct. 105, it was decided that when a bond is duly filed, the court will not continue an injunction obtained by the owner against the use of the road by the telephone company, although the supervisors have not consented to such use. Without deciding the question of the necessity of municipal consent, the court in that case held that as far as the owner of the land was concerned, the company had the right, upon filing a proper bond, to use the highway for the erection of its line.

Decree affirmed.