## Bause, Appellant, *v.* Kreiger.

*Negligence—Damages—Death — Administrator — Person dying without widow or kin.*

Where a person is negligently killed by the act of another and leaves neither widow, child nor parents, his administrator has no right of action to recover damages for his death.

Argued Oct. 7, 1919.   Appeal, No. 56, Oct. T., 1919, by plaintiff, from order of C. P. Beaver Co., June T., 1918, No. 312, entering judgment for defendant on question of law raised by the affidavit of defense, in case of Andy Bause, Administrator of Mike Bause, deceased, v. Abe Kreiger, doing business as the Sanitary Grocery and Meat Market.   Before BROWN, C. J., STEWART, MOSCH-ZISKER, WALLING, SIMPSON and KEPHART, JJ.   Affirmed.

Trespass to recover damages for death of Mike Bause. Before BALDWIN, P. J.

The affidavit of defense raised the question of law as to the plaintiff's right of action, inasmuch as the deceased left neither widow, child nor parents.

The court entered judgment for defendant.   Plaintiff appealed.

*Error assigned* was in entering judgment for defendant.

*James L. Hogan,* for appellant.

*George   C.   Bradshaw,   Charles   F.   Patterson,* and *Thompson Bradshaw,* for appellee, were not heard.

PER CURIAM, October 22, 1919:

Plaintiff's statement averred that the death of the deceased was caused by the negligent operation of an automobile truck owned by the defendant and driven by one of his employees.   The deceased left neither widow, child nor parents, and there was no right of action in the appellant as his administrator: Books v. Borough of Danville, 95 Pa. 158.   The judgment entered for the defendant on the question of law raised by the affidavit of defense is, therefore, affirmed.