## Strain, Administrator, Appellant, *v.* Kern.

*Constitutional law—Title of act—Act of June 7, 1917, section 35 (b), P. L. 447—Negligence—Action by executor.*

1. The subject of an act of assembly must be clearly expressed in its title, otherwise the title will be held to be misleading, and the act invalid as to everything beyond that which is clearly expressed in its title.

2. Section 35 (b) of the Fiduciaries Act of June 7, 1917, P. L. 447, cannot be so construed as to give authority to an executor or administrator to begin an action for personal injuries to his decedent, when the latter did not commence it in his lifetime; to so construe the section would make it unconstitutional.

3. A statute altering the common law, is not to be extended beyond its obvious import.

Argued March 20, 1923. Appeal, No. 295, Jan. T., 1923, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1922, No. 6949, on question of law raised by affidavit of defense in case of Hugh J. Strain, Administrator of estate of Joseph Strain v. Raymond Kern, trading as Penn Poster Co. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for injuries to decedent. Before FINLETTER, J.

The opinion of the Supreme Court states the facts.

Judgment for defendant on question of law raised by affidavit of defense.   See 2 D. & C. R. 539.   Plaintiff appealed.

*Error assigned,* inter alia, was in entering judgment for defendant, referring to page of record.

*James M. Dohan,* for appellant.—An administrator of a decedent who is survived by neither widow nor children may, under the Fiduciaries Act, maintain an action for damages for injuries to his decedent sustained through defendant's negligence: R. R. v. McCloskey, 23 Pa. 526.

Remedial legislation is to be liberally construed: Stewart v. R. R., 168 U. S. 445; Centofanti v. R. R., 244 Pa. 255.

*O. C. Riethmiller,* for appellee.—The right of action claimed by plaintiff is one entirely new and original in the law of Pennsylvania.

Plaintiff's contention would make possible two actions against the same defendant for the same negligent act: Taylor's Est., 179 Pa. 254.

The legislature could not have intended to create in the Fiduciaries Act an entirely new right of action in favor of a survivor for injuries sustained by the deceased before his death.

OPINION BY MR. JUSTICE SIMPSON, April 9, 1923:

As administrator of the estate of Joseph Strain, deceased, plaintiff sued defendant to recover damages for the latter's alleged negligence, which resulted in injuries to and the death of plaintiff's decedent.   The affidavit of defense averred, as a matter of law, that plaintiff could not legally commence such an action; the court below sustained this contention and entered judgment accordingly; hence plaintiff appeals.

Conceding that the suit could not have been maintained prior to the passage of the Fiduciaries Act of June 7, 1917, P. L. 447, appellant "plants this right of action squarely and firmly" upon section 35 (b) of that statute, which provides as follows: "Executors or administrators shall have power to commence and prosecute ......all personal actions which the decedent whom they represent might have commenced and prosecuted, except actions for slander and libel."

Considering this section alone, without reference to the title of the act, it would be exceedingly difficult to reach any other conclusion than that contended for by appellant, for the present is a "personal action," not for slander or libel, and, by the language quoted, "executors or administrators shall have power to commence and prosecute......[it, if] the decedent whom they represent, might have commenced and prosecuted" it, as unquestionably plaintiff's decedent might have done. It is not necessary to decide this point, however, for, if so construed, the section offends against article III, section 3, of the Constitution of the State, which specifies that "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title."

In Dorsey's App., 72 Pa. 192, and Provident Life & Trust Co. v. Hammond, 230 Pa. 407, it is pointed out that the word "clearly" in this section must be given full effect in determining whether the title covers the particular subject in the body of the statute; and, in Union Passenger Ry. Co.'s App., 81* Pa. 91, and Central District and Printing Telegraph Co. v. Homer City Borough, 242 Pa. 597, if this is not found to be the case, the title will be held to be misleading, and the act invalid as to everything beyond that which is "clearly expressed in its title."

Quoting so much of the title of the Fiduciaries Act as bears upon the question under consideration, we find it

alleges the subject of the statute to be: "An Act relating to the administration and distribution of decedents' estates,......*the abatement and survival of actions, and the substitution of executors and administrators therein.*" The italicized words are the only ones to be considered, and, certainly if given their normal meaning, they would apply only to pending actions, for "survival" implies something existing which is to survive, and "substitution of executors and administrators therein" can only refer to a suit brought by a decedent, in which, because of his death, the names of his personal representatives are to be substituted. If, therefore, section 35 (b) is to be so construed as to authorize a new action by an executor or administrator, where such right did not theretofore exist, this fact is not "clearly expressed in its title," and hence the excess in the enactment would be unconstitutional. The conclusion thus reached is decisive of the present controversy, for appellant is claiming the right, under that section, to begin a new suit which, by prior laws, he would not have been permitted to do.

This conclusion is in accord with the rule that statutes altering the common law are not to be extended beyond their obvious import (Diver v. Diver, 56 Pa. 106; Smith v. Altoona, etc., R. R. Co., 182 Pa. 139); and also with the evident fact (from which a misleading title might possibly be inferred) that no one would expect to find, in a Fiduciaries Act, so radical a departure from unrepealed prior statutes dealing with procedure in common law actions.

The judgment of the court below is affirmed.