## Renard v. Kier et al.

*Executors and administrators — Survival of actions against decedent — Personal injuries—Act of June 7, 1917.*

1. Under section 35 (b) of the Fiduciaries Act of June 7, 1917, P. L. 447, an action for damages for personal injuries may be maintained by the person injured against the executors of the wrongdoer.

2. As so construed, this section of the act is sufficiently covered by the title and is not in conflict with article iii, section 3, of the Constitution, providing that no bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title.

Strain *v.* Kern, 277 Pa. 209, distinguished.

Statutory demurrer. C. P. Allegheny Co., July T., 1923, No. 167.

Before Swearingen, Carnahan and Douglass, JJ.

*Harry J. Nesbit,* for plaintiff; *Dickey, Kier & McCamey,* for defendants.

SWEARINGEN, J.—Bertha H. Renard was injured on March 20, 1922, in an automobile accident, caused, as she alleges, by the negligent management of the automobile owned by Elizabeth J. Kier.

Elizabeth J. Kier died Aug. 19, 1922, testate, and letters testamentary were thereafter duly issued to Samuel M. Kier et al., the executors of her will. This suit in trespass was brought by the plaintiff against the above named executors on April 6, 1923, to recover for the injuries above mentioned. It will be observed that the alleged injuries were suffered in the lifetime of Elizabeth J. Kier.

The defendants filed an affidavit of defence, in which they raised the question of law that the plaintiff cannot maintain this action by reason of the unconstitutionality of section 35 *(b)* of the Fiduciaries Act of June 7, 1917, P. L. 447. They rely upon a decision of the Supreme Court in Strain *v.* Kern, 277 Pa. 209, wherein said section was declared unconstitutional because of a defect in the title of the act.

But this suit of Bertha H. Renard is against the executors of the will of a wrongdoer, and is not a suit by the executors of an injured party against the wrongdoer himself—which is a proposition entirely different from that presented in Strain *v.* Kern, 277 Pa. 209. The title of the Fiduciaries Act does

Renard *v.* Kier et al.

provide for suits such as the one of this plaintiff. So far as is necessary hereto, it reads: "An act relating to . . . the abatement and survival of actions, and the substitution of executors and administrators therein, and suits against fiduciaries. . . ." The words of the title last quoted surely give sufficient notice of the legislation proposed in section 35 *(b)* of the Fiduciaries Act. Prior thereto, ample provision had been made for such a contingency in section 1 of the Act of June 24, 1895, P. L. 236, wherein it was declared that such an action (as this one) might be maintained against the personal representative of a wrongdoer "by bringing an original suit against his representative after his death." This Act of 1895 was, however, repealed by the Fiduciaries Act, and thus nothing was left to this plaintiff but the provision of the later act.

We assume without question the correctness of the decision in the Strain case, and we have followed it in other cases that have since arisen. But we do not think it applies to this case, for the facts are altogether different.

### Order.

And now, to wit, May 27, 1924, the question of law raised by the defendants in their affidavit of defence is decided against them, and they are allowed fifteen days after notice of this decision within which to file a supplementary affidavit of defence to the averments of fact in the plaintiff's statement.

From Edwin L. Mattern, Pittsburgh, Pa.