## WILDERMAN v. ROTH et al.

(Circuit Court of Appeals, Third Circuit.
February 17, 1927.)

No. 3513.

**Courts ⟐⇒328(2)—Action for $5,000 for domestic services for eight months held not to involve jurisdictional amount, in view of proof (Judicial Code, §§ 24, 37 [Comp. St. §§ 991, 1019]).**

Action for $5,000 for domestic household services for eight months *held* not to involve jurisdictional amount, under Judicial Code, §§ 24 and 37 (Comp. St. §§ 991, 1019), in view of proof that the most she could have recovered was $1,600, and verdict for but $600.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Action by Elizabeth Wilderman against William Roth and others. Judgment of dismissal (9 F.[2d] 637), and plaintiff brings error. Affirmed.

Samuel R. Wachtell, of New York City, and Francis Macomb Gumbes, of Philadelphia, Pa., for plaintiff in error.

Alfred R. Haig, of Philadelphia, Pa., and Benjamin Y. Shearer, of Reading, Pa., for defendants in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, Elizabeth Wilderman, a citizen of New York, brought suit against William Roth and others, citizens of Pennsylvania. On trial she recovered a verdict for $600, which was taken subject to the opinion of the court whether it had jurisdiction of the cause. This question—the only one here involved—the court decided against her and dismissed the suit. Whereupon she sued out this writ of error.

The pleadings show that her claim was to recover on an implied assumpsit of the defendants to pay her the reasonable worth of the domestic household service she rendered them for eight months. For such eight months' service she claimed $5,000. On the trial her proof was such that the utmost she could have recovered, or indeed could ever have expected to recover, was $200 per month—in all, $1,600. In point of fact the jury awarded her $600 or $75 per month.

Under these facts we agree with the opinion of the court, as stated in the margin,[1] that the court was without jurisdiction and accordingly affirm its order of dismissal.

---

[1] "Section 24 of the Judicial Code (Act March 3, 1911), being Comp. St. § 991, confers jurisdiction upon the District Courts in civil suits at common law or in equity where the matter in controversy exceeds, exclusive of interest and costs, the sum of $3,000, and is between citizens of different states. Section 37 (Comp. St. § 1019) provides that if, in any suit commenced in a District Court, it shall appear to the satisfaction of the court, at any time after such suit has been brought, that it does not really and substantially involve a dispute or controversy properly within the jurisdiction of the court, it shall proceed no further therein but shall dismiss the suit. The court, therefore, has no discretion, if the want of jurisdiction appears to its satisfaction.

"While the requisite amount set out in the ad damnum clause in a statement of claim, where the facts alleged are sufficient to support of the claim of damages, prima facie gives the court jurisdiction, yet if, upon further proceedings, it appears as a legal certainty, as in this case, that the plaintiff could not have had any reasonable expectation that she could recover, exclusive of interest and costs, the jurisdictional amount, it becomes the duty of the court to dismiss the suit. New York Life Insurance Company v. Johnson (C. C. A.) 255 F. 958, and cases there cited."