## Eifler, etc., v. Anderson et al.

*Bordwell & Eldred* and *S. Y. Rossiter*, for plaintiff.
*Alexander & Clark*, for defendants.

ARIRD, P. J., October 8, 1935.—On April 22, 1935, summons in trespass issued. On April 22, 1935, a statement of claim was filed. On May 9, 1935, an affidavit of defense raising questions of law was filed.

This claim is based upon an automobile accident which occurred on the United States Highway no. 6 in Freehold Township, Warren County, Pennsylvania, by reason of which, it is alleged, one Christian Eifler received injuries which caused his death. It is further alleged that Christian Eifler at the time of his death was 27 years old. This suit is brought by Charles Eifler individually and as administrator of the estate of Christian Eifler, deceased. It is alleged that plaintiff is damaged in the sum of $100,000. There is no action at common law for damages for negligence causing death. Such right of action is given in Pennsylvania by the Act of April 15, 1851, P. L. 669, secs. 18 and 19, and the Act of April 26, 1855, P. L. 309. These statutes are not changed by section 35 of the Fiduciaries Act of June 7, 1917, P. L. 447, and its supplements.

The plaintiff's statement alleges that the plaintiff, i. e., Charles Eifler, is a citizen of the State of New York, and that he is the qualified and acting administrator of the estate of Christian Eifler, deceased. Under the twelfth paragraph of plaintiff's statement it clearly appears that Charles Eifler is assuming to bring this action in place of the parents of Christian Eifler, and the plaintiff's statement clearly shows that the parents of Christian Eifler died prior to the time that Christian Eifler was five years old. The plaintiff's claim is that he acted in loco parentis.

Again, the plaintiff makes a further claim of $1,021.05 for hospital services, headstone and expenses of adminis-

tration of decedent's estate, but it clearly appears that the plaintiff volunteered to assume this indebtedness, and not for a minor but for a man who at the time of his death was 27 years of age. To say the least, it is very doubtful if a resident of the State of New York can volunteer to pay bills which he is not called upon to pay under the laws of either the State of New York or Pennsylvania, and then come into the State of Pennsylvania and maintain an action to recover from residents of Pennsylvania for such voluntary advancements. The Pennsylvania State Constitution, article III, sec. 21, provides:

"in case of death from such injuries, the right of action shall survive, and the General Assembly shall prescribe for whose benefit such actions shall be prosecuted."

Under the Acts of 1851 and 1855 the assembly did prescribe what person shall have a right to bring an action. What was the intention of the legislature? Surely the legislature must have intended that no action should be brought except by those mentioned in the act, and it has been repeatedly held in Pennsylvania that an administrator or an executor cannot bring such an action. If the plaintiff in the instant case as an administrator cannot maintain an action in Pennsylvania, then the question arises, can he recover for voluntary payments made by him which, as formerly said, he was not obligated to pay under any law either in the State of New York or Pennsylvania.

In Bause v. Kreiger, 265 Pa. 395, a per curiam opinion, our Supreme Court said:

"Plaintiff's statement averred that the death of the deceased was caused by the negligent operation of an automobile truck owned by the defendant and driven by one of his employees. The deceased left neither widow, child nor parents, and there was no right of action in the appellant as his administrator: Books v. Borough of Danville, 95 Pa. 158. The judgment entered for the defendant on the question of law raised by the affidavit of defense is, therefore affirmed."

Strain, Admr., v. Kern, 277 Pa. 209, was an action in which the administrator sued defendant to recover damages for the latter's alleged negligence which resulted in injuries to and the death of plaintiff's decedent. The lower court entered judgment for defendant on questions of law raised by affidavit of defense. Mr. Justice Simpson, writing the opinion of the court said (p. 211):

"Conceding that the suit could not have been maintained prior to the passage of the Fiduciaries Act of June 7, 1917, P. L. 447, appellant 'plants this right of action squarely and firmly' upon section 35 (b) of that statute, which provides as follows: 'Executors or administrators shall have power to commence and prosecute . . . all personal actions which the decedent whom they represent might have commenced and prosecuted, except actions for slander and libel."

The action taken by the lower court was affirmed.

The Acts of 1851 and 1855 are the very foundation of the right of action and have been so held by our higher courts since their approval. The Act of 1855 clearly gives the limitation of action. No language has been used by our higher courts to try to twist and stretch the term "parents" to include one who has acted as a parent in some respects. Courts are for the purpose of enforcing the law and not to make laws. In the instant case there is nothing to show that there was an actual family relationship at the time of the death, or that the decedent resided with the plaintiff, nor that his contributions to the plaintiff were anything more than occasional: See Gaydos et al. v. Domabyl, 301 Pa. 523. In our opinion, there is no escaping the fact that in order to recover in the instant case, or a case of this character, the parties must recover under the law as provided by the acts of our legislature, which have been followed by all of our courts since April 26, 1855.

The court requested the attorneys to make an oral argument in this case and submit briefs. The plaintiff refused to make an oral argument and has neglected to furnish any brief. In our opinion, upon the facts averred, it ap-

pears as a matter of law that the plaintiff is not entitled to recover.

There are two paragraphs in the affidavit of defense raising questions of law, which read as follows:

1. The plaintiff, Charles Eifler, as administrator of the estate of Christian Eifler, deceased, has no right of action against the defendants under the facts set up in the plaintiff's statement and for the cause of action therein set forth, such administrator not being such a person as is entitled to recover damages for any injuries causing the death of the decedent, Christian Eifler.

2. The plaintiff, Charles Eifler, does not individually have any right of action against the defendants under the facts set up in the plaintiff's statement for the cause of action therein set forth, the said Charles Eifler not being such a person as is entitled to recover damages for any injuries causing the death of said decedent, Christian Eifler.

In our opinion, the questions raised by the affidavit of defense dispose of the whole of plaintiff's claim. Consequently, judgment should be entered for the defendants without further order of the court.

### Order

And now, October 8, 1935, the affidavit of defense raising questions of law is sustained, and the prothonotary is authorized and directed to enter judgment in favor of the defendants and against the plaintiff.

From J. H. Goldstein, Warren.