## VOELKEL et al. v. BENNETT.
### No. 7380.

Circuit Court of Appeals, Third Circuit.

Oct. 11, 1940.

---

Fred C. Gartner, Herbert Welty, Arno P. Mowitz, and Harry C. Kohlhas, Jr., all of Philadelphia, Pa., for appellants.

W. Glenn George and Ralph N. Kellam, both of Philadelphia, Pa., for appellee.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

This was a civil action for damages resulting from the negligent killing of five year old Thomas Voelkel. The child was struck by an automobile operated by the defendant and was dead upon his arrival at a hospital. Apparently he never regained consciousness after being struck. The action was brought jointly by his parents in their own right and by the father as administrator.

■ The parents' right of action is derived from the Act of April 15, 1851, P.L. 669, § 19, as amended 12 P.S. § 1601 et seq. Prior to 1937 this was the only action arising out of a person's wrongful death in Pennsylvania. The legislature had provided in § 35(b) of the Fiduciaries' Act, Act of June 7, 1917, P.L. 447, 20 P.S. § 772, that a personal representative might commence and prosecute all actions which his decedent could have brought in his lifetime with the exception of libel and slander. This section complemented § 35(a) of the same act, 20 P.S. § 771, which provided for the survival of actions brought by the decedent in his lifetime; § 35(b) provided for the survival of causes of action vested in the decedent in his lifetime. The Supreme Court of Pennsylvania held in Strain v. Kern, 1923, 277 Pa. 209, 120 A. 818, that § 35(b) was unconstitutional because the title of the act was defective. In 1937 the Legislature remedied the defect in the title and re-enacted § 35(b), 20 P.S. § 772. As stated in Gannon v. Lawler, 1939, 34 Pa. Dist. & Co. R. 571, 576, the present statutory law of Pennsylvania would seem to provide that "if no suit is brought by one who dies of injuries sustained through negligence of another, the relatives of decedent may sue the wrongdoer * * * and the personal representatives of decedent may sue defendant upon whatever cause of action decedent might have sued in his lifetime." Two distinct causes of action, neither of which was cognizable at common law, are thus recognized in the statutes.

■ The jury returned a verdict for the plaintiffs of $1,710, of which $210 was for funeral expenses. In answer to interrogatories the jury stated that all of the damages were awarded to the parents and nothing to the administrator. Although plaintiff complains of the inadequacy of the award to the parents, we agree with the learned court below that the verdict was not inadequate upon this branch of the case. The main dispute centers about plaintiff's complaint that the trial judge incorrectly charged the jury on the measure of damages with respect to the administrator. In sum, the jury was charged that the administrator could recover the earnings of the boy from age 21 to the end of his life expectancy, less the amount the decedent would have expended to maintain himself during that period. The administrator was treated as being entitled to the net estate his decedent would have accumulated had he lived out his normal span.

The question is one which has not been settled by decision of either the Supreme Court or the Superior Court of Pennsylvania. It is, obviously, purely one of Pennsylvania law. There are Common Pleas decisions upon the point, which have been helpful in reaching our conclusion in this case.

What is the measure of damages in the administrator's suit under the Act of 1937, bearing in mind that recovery under a death by wrongful act statute modeled after a statute in England known as Lord Campbell's Act is not concerned in the question? The plaintiff contends that it is "the value of life lost," citing Mr. Justice Lowrie's opinion in Pennsylvania R. R. Co. v. McCloskey's Adm'r, 1854, 23 Pa. 526. But this vague concept has long since been abandoned for the more easily measurable standard of pecuniary loss. Gaydos v. Domabyl, 1930, 301 Pa. 523, 152 A. 549. The general view with regard to survival statutes is expressed in the Restatement of Torts, § 926, Comment a as follows:

"Where the defendant's act has caused the death, in most States the survival and revival statutes are interpreted as giving to the representative of the estate no more than the damages accruing before the death.
*   *   *

"Because of the overlapping of the damages recoverable under a separate death statute, damages for shortening the life of the deceased are not recoverable under a survival statute, although such damages are given under a combined death and survival statute."

See, also, "A New Death Act" by Milford J. Meyer, 43 Dickinson Law Review, January, 1939.

In construing the 1937 Act, Judge Heiligman, in a carefully thought-out opinion in the case of Gannon v. Lawler, 1939, 34 Pa. Dist. & Co. R. 571, 579, enumerates the measure of damages for the personal representative as follows: (a) "Medical, nursing, hospital, funeral, and similar expenses should be awarded to the party who paid them."

That item is not involved in this case for in the suit by the parents an allowance was made to them for funeral expenses.

(b) "The personal representative should recover for the physical pain, mental distress, loss of time, and loss of earning power caused by the injury for the fixed period between the injury and the death".

In this case these elements are not involved for the period between injury and death of the victim was very short, he was unconscious during the entire period, and, obviously, in this case of a child of five there could be no loss of earning power in the short interval between injury and death.

These items, Judge Heiligman believed, constituted the only ones recoverable in such a suit.

The opinion in Gannon v. Lawler is wholeheartedly endorsed by Common Pleas Court No. 7, Philadelphia County, speaking through Judge Crumlish, in Findeisen v. Friedman, 1939, 35 Pa. Dist. & Co. R. 523. The limitation of recovery for loss of earning power to the period between injury and death is again approved by the Common Pleas Court of Montgomery County in an opinion by Judge Dannehower in Glaesser v. Evans, 1939, 36 Pa. Dist. & Co. R. 68.

Confining recovery by the administrator to pecuniary loss of earning capacity suffered by the deceased's "estate" seems to have three possibilities as to measure of damages. The first, and evidently the majority, view is to confine recovery by the deceased's representative to the loss of deceased's earning power between the dates of injury and death. (Damages for pain and suffering plus expenses are of course included.) The second possibility is to allow the jury to estimate deceased's loss of earning power, not only until actual death, but until the end of his normal life expectancy. This view was rejected by the trial court and we believe correctly. The third is the view, adopted by the trial court, which permits the jury to estimate the net result of the future earnings of a deceased, in this case after he had attained majority he being a minor and the parents entitled to earnings during minority, less his estimated personal expenses. Authority for such measure of damages is found in the decision in the case of McCabe v. Narragansett Electric Lighting Co., 1904, 26 R.I. 427, 59 A. 112.

Any rule allowing the jury to estimate upon what the deceased might have earned after his death is, of course, to some extent, speculative. But so are damages given to his next of kin on the basis of probable continuance of support. The mere fact that the element of speculation enters does not necessarily, in these instances, bar the item from the jury's consideration. But if the measure of damages is to be the economic

worth of an individual we believe the instruction given by the learned trial judge to the effect that recovery should be the net accumulation rather than probable gross earnings is the more desirable one. The unfortunate plaintiff cannot enjoy the earning and the spending of the gross amount and his estate would grow only to the extent that he accumulated an excess of income over outgo. See discussion in 44 Harv. L. Rev. 980.

█ If the final interpretation of the Pennsylvania statute becomes that already given by the Common Pleas courts in the decisions cited there is still no error of which the plaintiff can complain, for the learned judge's instruction was more favorable to the plaintiff than the interpretation of the Pennsylvania law given in the Common Pleas decisions noted above. The jury concluded that no damages would be awarded upon the application of this test. We cannot say that their conclusion was wrong.

There being no error, the judgment of the District Court is affirmed.