## KRIESAK v. CROWE.

### No. 453 Civil.

District Court, M. D. Pennsylvania.

Dec. 31, 1940.

Henry Thomas Dolan, of Philadelphia, Pa., for plaintiff.

Kelly, Fitzgerald & Kelly, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

Plaintiff filed her complaint as administratrix of her brother's estate to recover damages resulting from the alleged negligent killing of her brother by defendant. Defendant moved to dismiss the complaint because it fails to state a claim upon which relief can be granted and because the amount in controversy is actually less than the $3,000 necessary to confer jurisdiction on a United States District Court. Defendant also moved for a more definite complaint to enable him to prepare a responsive answer and prepare for trial, asking an itemization of damages claimed. Plaintiff later filed an amended complaint identical with the original complaint plus an additional claim for $520 for funeral and administration expenses. Defendant's motions then were heard in open court and are now for disposition.

The motion to dismiss and the motion for a more specific complaint will be separately considered, in that order.

I. Paragraph 8 of the amended complaint claims $50,000 as administratrix and on behalf of the next of kin of decedent for pecuniary loss resulting from decedent's injuries, pain, suffering and loss of life. Paragraph 9 of said complaint asks $520 for expenses of the funeral and administration of the estate of decedent. Defendant's motion to dismiss is predicated upon the theory that the items of damage recoverable by plaintiff in this action are limited by law so that a court could not permit a jury to render a verdict for $3,000, and that, therefore, the claim for $50,000 is colorable solely for conferring jurisdiction on this court. If this last contention is proved the action must be dismissed. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845; Wilderman v. Roth, 3 Cir., 17 F.2d 486; North American Transportation Company v. Morrison, 178 U.S. 262, 267, 20 S.Ct. 869, 44 L.Ed. 1061; 28 U.S.C.A. § 80.

Approximately sixty-five minutes elapsed between the time decedent was struck by defendant's automobile and the time of his death. Defendant contends this is the only period of time for which plaintiff administratrix can recover for decedent's pain, suffering and loss of earning power, and that this court could not allow a verdict of $3,000 for pecuniary losses for such a short period. Plaintiff claims she can recover for diminution of decedent's earning power for the duration of his normal life expectancy.

The claim for $50,000 is derived from the Act of Assembly of the Commonwealth of Pennsylvania of July 2, 1937, P.L. 2755, 20 P.S.Pa. § 772. This is a reenactment of section 35 (b) of the Fiduciaries Act, 1917 Pa.P.L. 447, 20 P.S.Pa. § 772, necessary in connection with correcting a defect in that act's title which rendered the subsection unconstitutional. Strain v. Kern, 277 Pa. 209, 120 A. 818, and in nature is a survival statute. It provides that administrators shall have power to commence and prosecute all personal actions which the decedent whom they represent might have commenced and prosecuted, except actions for slander and for libels. There seems no doubt that the Act of 1937 authorizes an action by an administrator to recover personal damages caused his decedent by the negligence of another: Lutge v. Rosin, 32 Pa. Dist. & Co. R. 338, 339; Gannon v. Lawler, 34 Pa. Dist. & Co. R. 571; Findeisen v. Friedman, 35 Pa. Dist. & Co. R. 523; Glaesser v. Evans, 36 Pa. Dist. & Co. R. 68; Voelkel v. Bennett, D. C. E. D. Pa., 31 F.Supp. 506; Voelkel v. Bennett, 3 Cir., October 11, 1940, 115 F.2d 102. But a very serious and peculiar question is raised on the measure of damages in such cases. The Supreme and Superior Courts of Pennsylvania have not spoken either on the applicability of the Act of 1937 to such a suit or on the measure of damages recoverable thereunder.

The difficulty in fixing the measure of damages to an administrator arises in correlating the above act with the Acts of 1851, Pa. P.L. 669, secs. 18, 19; 1855 Pa. P.L. 309; 1911 Pa. P.L. 678; 1927 P.L. 992; and 1937 Pa. P.L. 196, 12 P.S. Pa. §§ 1601–1604. These are Death Acts and give to certain named classes of relatives the right to recover for the wrongful death of their decedent. If none of said classes survive, then the acts give a right to decedent's personal representative to recover reasonable medical and funeral expenses together with administration costs resulting from the wrongful death.

In certain circumstances a named class of relatives will be entitled to bring an action for wrongful death, and at the same time decedent's personal representative will be entitled to bring an action under the Act of 1937, P.L. 2755, based upon a cause of action for personal damages existing in, but not brought by, decedent at the time

of his death. Since the relatives in their suit may recover the actual pecuniary loss suffered by them, measured by the sums they could anticipate receiving from decedent throughout his normal life expectancy, it would seemingly impose overlapping liability upon the tortfeasor to allow the personal representative in his action to recover for decedent's diminution in earning power during his life expectancy, yet this latter item would be allowed had decedent actually started suit in his lifetime: Meyer: A New Death Act, 43 Dickinson Law Review 83, and cases supra.

All the reported decisions where a personal representative has instituted suit under the Act of 1937 P.L. 2755, raise this problem of overlapping damages because in each instance there, was also pending an action brought by one of the classes entitled to sue under the wrongful death acts derived from the Act of 1851, cases supra. The courts of common pleas of the Commonwealth have adopted a rule that the administrator in his suit can recover damages for pain, suffering and loss of earning power of his decedent for the period only between the time of injury and the time of death, leaving open to the relatives suing under the death act recovery for diminution of income after death: Gannon v. Lawler, supra; Findeisen v. Friedman, supra; and Glaesser v. Evans, supra. The District Court for the Eastern District of Pennsylvania has adopted the rule of Gannon v. Lawler, in Voelkel v. Bennett, D.C., 31 F. Supp. 506. The Circuit Court of Appeals for the Third Circuit has discussed the problem, but because of the manner in which it was raised before them, it was unnecessary to decide the rule of damages —they will follow: Voelkel v. Bennett, 3 Cir., 115 F.2d 102.

In the present action there is no danger of two conflicting or overlapping suits, as the complaint avers that there are no relatives surviving, entitled to sue under the death acts. The only action which can be brought to recover for the wrongful death of decedent is the one now before the court.

Had decedent sued in his lifetime to recover for his injuries, he would have been entitled to recovery for loss or diminution of earning power during his normal life expectancy calculated at present value: Maher v. Philadelphia Traction Co., 181 Pa. 391, at page 397, 399, 37 A. 571; McCafferty v. Pennsylvania R. Co., 193 Pa. 339, 44 A. 435, 74 Am.St.Rep. 690; 43 Dickinson Law Review 83, at 107, 108, and cases there cited. The same cases hold that an identical measure of damages is applicable where decedent started the suit, but died, and the action survived to his personal representative.

In the instant case, not an action, but a cause of action, survives to the personal representative. However, the injury is the same and the cause of action arises from the same source—the person of decedent. There is nothing in the Act of 1937 to indicate that the legislature intended a different measure of damages· where a cause of action survives to the personal representative, in contradistinction to an action surviving to such representative: See Lutge v. Rosin, 32 Pa. Dist. & Co. R. 338, 344, and no rule of reason will erect such a distinction except where it may become necessary in order to avoid overlapping damages imposing punitive payments on the tortfeasor. This latter fact has been the determining factor in prescribing a different measure of damages in every case decided on this point by the courts of common pleas of Pennsylvania: Cases supra. At least one of the courts of common pleas has recognized that where a cause of action survives to the personal representative the measure of damages should be the same as that allowed where the injured party· himself brought suit. In Lutge v. Rosin, supra, the court said: "Obviously, this is not a new cause of action but simply a survival of the cause of action which the deceased already had. It follows that the damages recoverable are no different from those which the decedent himself could have recovered had he lived to bring the action, and so the courts have universally held [cases cited]." 32 Pa. Dist. & Co. R. at page 343.

Since the present suit involves no possibility of double recovery from the tortfeasor, there is no reason why this rule should not be applied to the suit now brought. It is proper for plaintiff administratrix to include a claim for damages for loss of earning power during decedent's normal life expectancy. This court can not hold, now, that this claim could not by any possibility be allowed to stand, if a jury awarded $3,000. or more. The motion to dismiss the action for lack of jurisdictional amount involved must, therefore, be denied.

130

II. Defendant's motion for a more definite complaint, itemizing damages, must also be denied. The complaint filed is sufficiently specific on the damages claimed. It is as full and complete as suggested in Official Form No. 9, promulgated under Rule 84 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and appended thereto. Brevity and simplicity of pleadings is the purpose of these rules (see introductory statement to appendix of forms) and plaintiff has filed a sufficient pleading thereunder.

III. It is, therefore, ordered that defendant's motions to dismiss this action and also for a more definite complaint be, and they are hereby, refused and denied, and defendant is hereby ordered to answer the amended complaint within twenty (20) days after receipt of a copy of this order.