## Hewitt, Admx., v. Masser Motor Express

*William Charles Brown*, for plaintiff.

*Harry Reiss Axelroth*, for defendant.

OLIVER, P. J., February 6, 1942.—This is a petition for approval of a settlement, and for the allowance of counsel fees and expenses, in an action for wrongful death. Petitioner is the mother of decedent, Bernard Lynskey, whose death occurred on April 12, 1941, as the result of injuries sustained in a motor vehicle accident. Decedent was 17 years of age at the time of his death, and his sole survivor is his mother. She qualified as administratrix of his estate and as such instituted an action in trespass against defendant, Masser Motor Express. An offer of settlement has been made to plaintiff, under the terms of which, if accepted, $750 will be paid to her in satisfaction of her claim. Plaintiff and her counsel are satisfied that the proposal is fair and equitable, but defendant's counsel declines to authorize payment of the agreed sum without judicial approval of the settlement. Consequently, although petitioner is convinced such proceedings are unnecessary, this petition for approval has been filed.

Petitioner states that she is proceeding under the Act of April 26, 1933, P. L. 88, section 1 of which provides:

"Whenever it is desired to compromise or settle a suit pending in any court of this Commonwealth to recover damages for personal injuries sustained by a minor, . . . upon petition by the next friend of said minor, the said court may make an order authorizing such compromise or settlement to be made." 20 PS §1072.

That act, however, has been suspended specifically and "absolutely" by Pa. R. C. P. 2050. In its stead was promulgated rule 2039 which, according to the note of the Procedural Rules Committee, "is an expansion and adaptation" thereof. But rule 2039 is inapplicable to the present proceedings, for it provides, in subdivision (a), that "No action *to which a minor is a party* shall be compromised, settled or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor" (italics supplied) ; and there is no minor among the parties to this action.

Rule 2206, recently promulgated by the Supreme Court, not mentioned by plaintiff in her petition but cited in the brief submitted on her behalf, is applicable, in part, to this proceeding. It relates to actions for wrongful death, and provides, in subdivision (a) :

"No action for wrongful death *in which a minor has an interest* shall be discontinued nor shall the interest of a minor in any such action . . . be compromised or settled until the court, upon petition of any party in interest, shall allow the discontinuance or approve the compromise or settlement as being fair and equitable." (Italics supplied.)

Subdivision (a) is the only subdivision of rule 2206 which provides that approval of court is *necessary* for consummation of a compromise or settlement in a wrongful death action. But it specifically restricts its application to those death actions "in which a minor has an interest". The matter now before the court is

not such an action, the minor being the person who was killed.

In the absence of a statute authorizing proceedings to recover damages for the wrongful death of another, no one has an actionable interest within the terms of this rule, for at common law no such right of action exists: McFadden v. May, 325 Pa. 145, 147 (1937), and cases therein cited. In Pennsylvania, however, there is *statutory* authority for the institution of such actions: Act of April 15, 1851, P. L. 669, sec. 19; Act of April 26, 1855, P. L. 309, secs. 1, 2, as amended by the Acts of June 7, 1911, P. L. 678, sec. 1, and April 1, 1937, P. L. 196, sec. 1, 12 PS §§1601-1604; and the legislature has enumerated the persons for whose benefit the suits may be prosecuted. Thus it is provided that "The persons entitled to recover damages for any injuries causing death shall be the husband, widow, children, or parents of the deceased, and no other relatives . . .": Act of 1855, supra, sec. 1, as amended, 12 PS §1602. Only a person fitting one of the specified descriptions "has an interest" within the meaning of rule 2206. This view is in accord with the attitude of the courts prior to adoption of the new Rules of Civil Procedure, and has not been altered by the fact that these rules designate the personal representative as the only individual entitled to bring the action for wrongful death during the first six months after decedent's death. The rules effect merely a procedural change, permitting suit by the personal representative where under prior practice it was not permitted: Books, Admr., v. Borough of Danville, 95 Pa. 158 (1880) ; Bause v. Kreiger, 265 Pa. 395 (1919). Thus, rule 2202 provides:

"(a)  Except as otherwise provided in clause (b) of this rule, an action for wrongful death shall be brought only by the personal representative of the decedent for the benefit of those persons entitled by law to recover damages for such wrongful death.

"(b) If no action for wrongful death has been brought within six months after the death of the decedent, the action may be brought by the personal representative or by any person entitled by law to recover damages in such action as trustee ad litem on behalf of all persons entitled to share in the damages."

Decedent being 17 years of age at the time of his death, the only persons beneficially interested who might be minors would be his widow or children, if any, but the present petition negatives the existence of any such widow or children for it states that decedent is survived only by his mother. Therefore, there being no minor with an interest in the present proceedings, we are of the opinion that judicial approval of the proposed settlement in this case is not requisite to its legality.

Though not obliged to do so, however, a party in interest in a wrongful death action may, at his or her option, petition the court to make an order respecting the distribution of the proceeds of the action, and thereupon it becomes the duty of the court to make such an order. Rule 2206(*b*) provides:

"When as the result of a verdict, judgment, compromise, settlement or otherwise it has been determined that a sum of money is due the plaintiff in an action for wrongful death, the court, upon petition of any party in interest, shall make an order designating the persons entitled to share in the damages recovered and the proportionate share of the net proceeds to which each is entitled."

There is no indication, in the language of the rule itself, that this provision applies only to actions in which a minor is beneficially interested. In fact, there are indications to the contrary. For example, the sentence immediately following the one just quoted states that "If a share be payable to a minor, the court shall designate as the person to receive such share a guardian of the estate of the minor qualified to receive the

fund." Thus, the first sentence of this subdivision states a general rule, without distinction as to the legal status of the parties beneficially interested, while the second sentence contemplates specifically the *possibility* that one of the beneficiaries may be a minor, and makes provision for that eventuality. Consequently the statement by the Procedural Rules Committee in its note to rule 2206(*c*) that "Subdivisions (a), (b) and (c) of this rule apply only to actions for wrongful death in which a minor is beneficially interested," appears to be incorrect: see Goodrich-Amram, Procedural Rules Service, sec. 2206(b)-1. Since the note of the committee is not part of the rule, and is included only for the purpose of assisting in its interpretation, we may properly disregard any apparent error therein. See note, 332 Pa. xxxvi (1938), which states:

"The explanatory notes to those rules were inserted by the Procedural Rules Committee for the convenience of the Bench and Bar; they are not part of the rules and have not been officially adopted or promulgated by the Supreme Court."

Force is added to our view of the general scope by subdivision (d), setting forth the steps which may be taken after entry of the order required by subdivision (b). Here too, the language of the rule is broad and contains no apparent distinction between minor and adult beneficiaries. In this instance, the explanatory note of the rules committee states:

"The rule is applicable to cases where all the persons beneficially interested in the action are adults as well as where some are minors."

Since subdivision (d) is predicated upon the prior entry of an order by the court under subdivision (b), we conclude that a notation, similar to that appended to subdivision (d), should have been made with respect to the first sentence of subdivision (b) and we so interpret its applicability.

Therefore, as a result of the filing of this petition, the duty has devolved upon us to make an order re-

specting the distribution of the proceeds of this settlement. The rules do not permit a mere blanket approval, for it is expressly provided that ". . . the court, upon petition of any party in interest, shall make an order *designating the persons entitled to share in the damages recovered and the proportionate share . . . to which each is entitled*": Pa. R. C. P. 2206(b). Pursuant to this mandate, we designate plaintiff, in her individual capacity as mother and sole survivor of decedent, as the sole party entitled to the damages recovered.

Concerning approval of an agreement for counsel fees and expenses, rule 2206(c) provides:

"In approving a compromise or settlement, or making any order under subdivision (b) of this rule, the court may also approve an agreement for the payment of counsel fees and other proper expenses *out of the share of damages to which the minor is entitled.*" (Italics supplied.)

Here the rule, by its express terms, is applicable only to actions in which minors have a beneficial interest, for only in such actions can there be a "share of damages to which a minor is entitled". Consequently the present action does not come within the provisions of subdivision (c). Nor do we find elsewhere any provision requiring application for approval of an agreement for the payment of counsel fees and expenses where all the beneficiaries are adults. We do not find even any provision, analogous to that in rule 2039(b), making it mandatory for the court to enter an order expressly approving or disapproving such agreement if a party in interest applies for such approval voluntarily. As plaintiff is of age, and in her individual capacity the only person beneficially interested, the allowance for counsel fee and expenses is a matter as to which her own agreement is binding.

Therefore, as plaintitff has expressly asked us to do so, we approve the settlement and we designate plain-

tiff, individually, as the person entitled to receive the moneys paid thereunder. By the prayer of her petition as administratrix, she has in effect agreed that a certain sum shall be paid thereout to her counsel for fees and expenses and therefore we see no reason why her wishes in that regard should not be followed.

### Order

And now, February 6, 1942, Linda L. Hewitt, individually, is designated as the person entitled to the sum of $750 as the entire proceeds of this action, pursuant to the terms of the settlement submitted for our approval, and out of that sum there shall be paid to William Charles Brown for counsel fee the sum of $250, and for costs the sum of $4.25. The balance of $495.75 shall be paid to Linda L. Hewitt, individually.