# In re: Harrisburg Trust Company, Substituted Trustee for Frank R. Leib, Trustee, Deceased. Appeal of the Estate of W. L. Powell.

*Appeals—Superior Court—Parties.*

An appeal taken in the name of an estate is improperly taken and will be quashed.

There are three parties who may maintain actions, natural persons, artificial persons or corporations, and partnerships. In order to be a proper party to an appeal the appellant must come within one or more of these classes. If he does not, the appeal is a nullity. There is no such legal entity as an "estate." It is a convenient phrase, to identify the subject of litigation in the orphans' court, and in proceedings in rem it may be treated as harmless superfluity, but as a designation of a party to be served with a writ it is unknown to the law. It cannot be made the plaintiff in an action, as it is not a person and cannot sue or be sued.

Argued March 19, 1923. Appeal, No. 6, March T., 1923, by Estate of W. L. Powell, from judgment of C. P. Cumberland Co., Dec. T., 1920, No. 66, dismissing exceptions to Auditor's Report in the Matter of the Harrisburg Trust Company, substituted trustee for Frank R. Leib, trustee, deceased. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Appeal quashed.

Exceptions to auditor's report. Before MAUST, P. J.

The opinion of the Superior Court states the case.

The court dismissed the exceptions and confirmed the report of the auditor.

The plaintiff took an appeal in the name of W. L. Powell Estate.

*Errors assigned,* among others, were in dismissing exceptions.

*John C. Nissley,* for appellant.

*John McI. Smith,* and with him *Spencer G. Nauman* and *J. E. B. Cunningham,* for appellee.

OPINION BY TREXLER, J., April 18, 1923:

The matter before us arose in the distribution of the funds realized through the sale of certain real estate by the Harrisburg Trust Company, trustee. The appellant is the estate of W. L. Powell. We are met at the outset with lack of a proper party. We search in vain in the records for one who represents the estate of W. L. Powell as executor or administrator. At several places in the proceeding Fred C. Miller, Esq., appears as attorney for Ella Powell and Jennie B. Powell who are surviving heirs of W. L. Powell and claimants to a portion of the funds in the hands of the trustee. The exceptions to the auditor's report are taken by Mr. Miller as "attorney for the Walter L. Powell estate."

There are three parties who may maintain actions; natural persons, artificial persons or corporations, and partnerships. In order to be a proper party to an appeal, the appellant must come within one or more of these three classes and if he does not, it is a nullity. There is no such legal entity as an "estate," "It is a convenient phrase sometimes to identify the subject of litigation in the orphans' court, and in proceedings in rem it may be treated as harmless superfluity, but as a designation of a party to be served with a writ it is unknown to the law":

Jones v. Beale, 217 Pa. 182. See also Phila. v. Peters, 57 Pa. Superior Ct. 275. It cannot be made the plaintiff in an action as it is not a person and cannot sue or be sued. We have, therefore, no proper party before us. If the estate of W. L. Powell be affected by the matter in controversy an administrator or an executor should have appeared for it. If his heirs are the proper parties, they should have taken the appeal. The estate of W. L. Powell is not a party aggrieved who is given the right to appeal.

The appeal is quashed.