Funk *v.* Buckley & Company, Inc., et al., Appellants.

Argued November 20, 1945. Before BALDRIGE, P. J., RHODES, RENO, DITHRICH, ROSS' and ARNOLD, JJ. (HIRT, J., absent).

*Paul H. Ferguson,* with him *G. Mason Owlett,* for appellants.

*Milford J. Meyer,* for appellee.

Opinion by Reno, J., March 5, 1946:

This appeal presents a new and interesting question involving subrogation under the Workmen's Compensation Act. The case comes here upon the employer's and his insurance carrier's appeal from the judgment of the court below affirming the decision of the board which dismissed appellants' petition to terminate a compensation agreement between the employe's widow and appellants.

A fairly complete statement of the stipulated facts will conduce to a better understanding of the legal issues involved in the appeal. Michael Funk died on May 7, 1942, as a result of injuries sustained on May 6, 1942, when he was struck by a truck in Pennsylvania in the course of his employment. He was survived by the widow-claimant, and four children, one of whom, hereinafter called "the minor", was under 16 years of age. An agreement between claimant and appellants provided for compensation at $11.00 per week to claimant for three hundred weeks, and $2.50 per week for the minor until he became 16 years old. The insurance carrier also expended $331.05 for medical and funeral expenses. No compensation was paid, and because he died within seven days from the injury, none was payable to the employe or to his estate.

Letters of administration were granted to claimant in New Jersey, where decedent resided at the time of his death. She instituted suit against the third party responsible for her husband's death in the United States District Court for the Eastern District of Pennsylvania in which she declared upon two causes of action: (1) under the Wrongful Death Act for herself and her four children; and (2) under the Survival Act for the estate of her deceased husband. The jury rendered a verdict for plaintiff for $23,080, and answering special interrogatories, fixed the economic value of decedent's life at $22,000, his pain and suffering at $500, the medical and funeral expenses at $580, and expressly found that the

damage for the pecuniary loss suffered by the decedent's widow and children was $2,000. Thus, of the $23,080 verdict, $2,000 and the expense items were awarded under the Wrongful Death Act.

By order of the district court, the $2,000 award under the Wrongful Death Act, was distributed, after deducting an $800 attorney's fee, to the claimant and children according to the Intestate Act of Pennsylvania, the widow receiving $400, and the minor $200. At that time, appellants had paid $1080 for eighty weeks of compensation; $880 for the widow, and $200 for the minor. The awards of the widow and the minor were paid to the insurance carrier on account of its subrogation interest. It was also reimbursed out of the $580, allowed by the jury for expense items, to the extent of its subrogation interest, less an attorney's fee of forty per cent. The balance, $20,500, less counsel fees, was paid to claimant as administratrix for administration under the New Jersey intestate law. The net recovery constituted substantially the entire assets of the estate. The decedent's debts will not decrease the distributive shares of claimant and the minor to an amount less than appellants' future liability upon the compensation agreement.

Thus, appellants have, pursuant to their right of subrogation, received all the damages awarded to claimant and the minor under the Wrongful Death Act, but that sum does not entirely cover appellants' future liability. The question is: Are appellants also entitled to subrogation under the Survival Act, and absolved thereby from further payment under their compensation agreement?

Appellants' rights are defined by the statute in force at the date of the accident which was the Workmen's Compensation Act of June 2, 1915, P. L. 736, §319, as amended by the Act of June 4, 1937, P. L. 1552, and reenacted by the Act of June 21, 1939, P. L. 520, 77 PS §671: "Where a *third person is liable to the employe or the dependents* for the injury or death, the *employer*

*shall be subrogated to the right of the employe or the dependents against such third person,* less reasonable attorney's fees and other proper disbursements, *but only to the extent of the compensation payable under this article by the employer.* Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe or to the dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation." (Italics supplied).

The wrongful death and the survival actions, although now redressed in one suit or trial under Pa. R. C. P. No. 213 (e), are distinct and separate actions, entirely dissimilar in nature, and are cumulative not alternate. The first was unknown to the common law and rests upon statutes. It is provided and regulated by the Act of April 15, 1851, P. L. 669, §19, as amended by the Act of April 26, 1855, P. L. 309, as further amended by the Act of June 7, 1911, P. L. 678; and the Act of May 13, 1927, P. L. 992, 12 PS §§1601-1604.[1] The Act of 1851 as amended is often called the Wrongful Death Act. This action may be brought only by a class of persons recognized by the law as usually and ordinarily dependent upon a decedent, namely, the spouse, children or parents, and then only if suit was not instituted by the injured party in his lifetime. Under Pa. R. C. P. No. 2202, which applies only to wrongful death actions, the action is instituted by the decedent's personal representatives for the benefit of the persons entitled under the act to damages for the death. The damages recovered are payable immediately to the dependents and form no part

---

[1] The Act of April 1, 1937, P. L. 196, §1, 12 PS §1602, is also a wrongful death statute. Under it the personal representatives of the decedent may institute suit for hospitalization, funeral and administration expenses where no spouse, child or parent survives. For an illuminating analysis and comparison of all the death and survival statutes cited in the opinion, see Goodrich-Amram Annotations §§2201-1 to 2201-10.

of the assets of the decedent's estate. The recoverable damages, in addition to certain expense items enumerated in the Act of 1927, supra, consist of the pecuniary loss to the decedent's statutory dependents suffered by depriving them of that part of his earnings which they would have received from him had he lived. *Pezzulli v. D'Ambrosia*, 344 Pa. 643, 26 A. 2d 659; *Gaydos v. Domabyl*, 301 Pa. 523, 152 A. 549; *Kaczorowski v. Kalkosinski*, 321 Pa. 438, 184 A. 663; *Stegner v. Fenton*, 351 Pa. 292, 40 A. 2d 473. In wrongful death cases, the suit is based upon the liability of the tort-feasor to decedent's dependents, notwithstanding that now the action is brought for them by the personal representatives.

The second, or survival, action is not a new action. It existed at common law, and the effect of the Fiduciaries Act of 1917 (§35 [b] as enacted July 2, 1937, P. L. 2755, §2, 20 PS §772, often called the Survival Act) is merely to continue in the decedent's personal representatives the right of action which accrued to the decedent at common law because of the tort. The personal representatives bring the action on behalf, and as fiduciaries, of the estate; the proceeds of the recovery belong to the estate, are available for the payment of the decedent's debts, and are distributed to the legatees or heirs or distributees as general assets of the estate. The damages are based upon the pecuniary loss which the decedent, not his dependents, suffered by the negligent act which caused his death. *Pezzulli v. D'Ambrosia*, supra. In survival cases, the action enforces the liability of the tort-feasor to the decedent's estate, not to his relatives or his dependents.

This analysis of the distinguishing features of the two actions points the way to decision. The subrogation section of the Workmen's Compensation Act, supra, provides for the subrogation of the employer to the "right of the employe or the dependents against such third person, . . . *but only to the extent of the compensation payable . . . by the employer.*" (Italics supplied). This

limiting provision eliminates this deceased employe and his estate, for he died before the expiration of the qualifying period of seven days, and therefore no compensation was payable to him, and none was paid to him. Appellants recognize this, but insist that by the phrase, "the right of . . . the dependents against such third person," they are subrogated under the Survival Act. But the rights of the dependents against the third party were only redressible, and were in fact redressed, by the wrongful death action, and appellants have received the sums awarded to the dependents, the claimant and the minor, in that action. It goes for nothing that the claimant and the minor will receive a distributive share of the employe's estate which consists largely of the proceeds of the verdict in the survival action. They take the shares as distributees or heirs, and appellants' right to subrogation, by the plain and unequivocal terms of the statute, extends only to that which they recovered as dependents; or, more accurately, appellants were subrogated only to the liability of the third person to dependents qua dependents. The conclusion, based upon the subrogation section, is that, the employe having received no compensation, appellants' right to subrogation as against the dependents is limited to the recovery in the wrongful death action.

If we entertained any doubt concerning the construction of the statute in this factual situation, it would be speedily dissolved by the Act of May 18, 1945 (Act No. 287), 77 PS §671. Under a title announcing that the purpose of the act was *"changing employer's rights of subrogation"*, the legislature enacted into law appellants' theory of this case by amending §319, supra, so that it now reads: "Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, *his personal representative, his estate* or his dependents . . ." (Emphasis added). The amendment cannot be construed to be retroactive. Statutory Con-

struction Act of May 28, 1937, P. L. 1019, §56, 46 PS §556. A material change of the language of an original act always indicates a legislative intent to effect a change of legal rights. *Fidelity Trust Co. v. Kirk,* 344 Pa. 455, 25 A. 2d 825; *Com. v. Lowe Coal Co.,* 296 Pa. 359, 145 A. 916; *Ogilvie's Est.,* 291 Pa. 326, 139 A. 826. And a radical change in the phraseology of a statute, such as the 1945 amendment, is a legislative declaration that the law so amended did not as originally framed embrace the amending provisions. *MacFarland v. Unemployment Compensation Board of Review,* 158 Pa. Superior Ct. 418, 45 A. 2d 423; 59 C. J., Statutes, §647; 50 Am. Jur., Statutes, §337. A fortiori, where the legislature gives notice in the title to the amending act of its intention to change the existing law. The legislature probably heeded the suggestions of the board and the court below which indicated that to sustain appellants' contentions corrective legislation was required. Nor is it credible that the legislature of 1915, which enacted the Workmen's Compensation Act, foresaw that the succeeding legislature [2] would enact the Survival Act, and intended to include its provisions within the scope of the original subrogation section. We must not ascribe to legislators divinatory powers which they would be the first to disclaim.

Judgment affirmed.

---

[2] The so-called Survival Act was first enacted in the Fiduciaries Act of 1917, but it was declared unconstitutional in *Strain v. Kern,* 277 Pa. 209, 120 A. 818, because of a defect in the title. This defect was cured by the Act of July 2, 1937, P. L. 2755, §2, 20 PS §772.