**SUDERS v. CAMPBELL et al.**
Civil Action No. 2973.

District Court, M. D. Pennsylvania.
Aug. 25, 1947.

Solomon Hurwitz, of Harrisburg, Pa., for plaintiff.

Paul G. Smith and Spencer G. Hall, both of Harrisburg, Pa., for defendants.

MURPHY, District Judge.

We have here a motion to dismiss a claim, the action being based upon the provisions of the Pennsylvania "Survival" and "Wrongful Death" statutes. Jurisdiction for the action is based upon diversity of citizenship and an averment of the required jurisdictional amount. Jud.Code, Section 24(1), 28 U.S.C.A. § 41(1).

September 17, 1946, Allen J. Suders, Jr., a resident and citizen of New Jersey, was fatally injured in a collision between a car he was driving and a tractor trailer owned by defendants and operated by defendants' servant in the course of defendants' business. Deceased, an unmarried adult male, was survived by his parents. The father and mother of deceased are residents and citizens of New Jersey; the defendants are residents and citizens of Pennsylvania.

Letters of administration of the estate of deceased were granted to his mother, Mae C. Suders, by the State of New Jersey May 10, 1947; ancillary letters of administration on said estate were granted to.

her by the State of Pennsylvania May 15, 1947.

The place of the accident, injuries, death, residence of defendants and grant of the ancillary letters of administration are all in this district.

May 21, 1947, "Mae C. Suders, Administratrix of the Estate of Allen J. Suders, Jr., Deceased," filed a complaint to recover damages for the wrongful death of her son. The complaint sets forth that plaintiff is administratrix of the estate of deceased but does not state specifically whether she is suing in the capacity of and under the authority of the New Jersey letters of administration or the Pennsylvania ancillary letters of administration. The action for wrongful death is joined with the claim under the Survival Statute, Rule 18, Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c.

Averment is made that the only persons entitled by law to recover damages for the wrongful death and to participate in the estate of deceased are his parents; and further that no other action by deceased during his lifetime was commenced against defendants to recover damages for the injuries causing his death, nor by any other person to recover damages from defendants for the wrongful death of deceased.

Defendants filed a motion to dismiss the complaint because,

(1) it fails to state a claim upon which relief can be granted;

(2) a foreign administratrix has no capacity to sue as such under the laws of Pennsylvania;

(3) Plaintiff is not the proper person to prosecute the claim in view of Rule 17 of the Federal Rules of Civil Procedure.

As to the first reason, see Rule 12 (b) (6). Rule 7 (b) (1) states, inter alia, "an application to the court for an order shall be by motion which * * * shall state with particularity the grounds therefore

* * *." Defendants do not question the jurisdiction of the subject matter, or of the person, nor allege improper venue, insufficiency of process, nor insufficiency of service of process. See Rule 12 (b) (1) (2) (3) (4) (5).

■ Obviously a claim for wrongful death meeting the requirements of the Judicial Code, Section 24(1), 28 U.S.C.A. § 41(1), may be brought in the United States district court. The right arising under and the liability imposed by the Survival and Wrongful Death statutes of the State of Pennsylvania may be enforced in the district court having jurisdiction of the subject matter and parties. Dennick v. Central R. Co., 103 U.S. 11, 26 L.Ed. 439.[1]

Defendants, assuming that plaintiff was suing in the capacity of foreign domiciliary administratrix under and by virtue of the authority granted her by the State of New Jersey, object on the ground that a foreign administratrix has no capacity to sue as such under the laws of Pennsylvania.

Plaintiff points to the grant of ancillary letters of administration by the State of Pennsylvania and insists that the action was brought and is being maintained under and by virtue of the authority therein granted.

Defendants' argument goes like this. Since no averment is made as to the capacity or authority under which plaintiff is proceeding, defendants are justified in assuming that plaintiff is proceeding as foreign administratrix and as such she has no authority to sue under the laws of Pennsylvania. If, however, plaintiff is really suing as ancillary administratrix, the complaint should be dismissed because of her failure to so state in the caption and in the allegation of the complaint. Defendants argue that if plaintiff wants to allege that she is acting as ancillary administratrix no amendment should be allowed because that would constitute a new cause of action other than that set forth in the pleadings.

---

[1] See also Van Doren v. Pennsylvania R. Co., 3 Cir., 1899, 93 F. 260; Quaker City Cab Co. v. Fixter, 3 Cir., 1925, 4 F.2d 327; Voelkel v. Bennett, 3 Cir., 1940, 115 F.2d 102; Berry v. Franklin Plate Glass Corporation, D.C.W.D.Pa., 1946, 66 F.Supp. 863; Rothschild v. Ritter, D.C.M.D.Pa., 1945, 4 F.R.D. 495; Kriesak v. Crowe, D.C.M.D.Pa., 1942, 44 F.Supp. 636, affirmed in 3 Cir., 131 F.2d 1023. The foregoing involve wrongful death actions.

Rule 10 (a): "* * * In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties."

Rule 9 (a): "It is not necessary to aver the capacity of a party to sue * * * or the authority of a party to sue * * * in a representative capacity * * * except to the extent required to show the jurisdiction of the court. When a party desires to raise an issue * * * capacity of any party to sue * * * or the authority of a party to sue * * * in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."

Rule 17 (b): "The capacity of an individual, other than one acting in a representative capacity, to sue * * * shall be determined by the law of his domicile. The capacity of a corporation to sue * * * shall be determined by the law under which it was organized. In all other cases capacity to sue * * * shall be determined by the law of the state in which the district court is held * * *."

■ In determining a question of jurisdiction the court is not bound by the pleadings but may of its own motion inquire into the facts as they really exist. McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, at page 182, 184, 56 S.Ct. 780, 80 L.Ed. 1135. See also Act March 3, 1875, C. 137, Section 5, 18 Stat. 472, as now applied to the district courts, Jud.Code Section 37, 28 U.S.C.A. § 80; Small v. Frick, D.C.E.D.S.C.1941, 40 F.Supp. 778, at page 780; Wetmore v. Rymer, 169 U.S. 115, at page 120, 18 S.Ct. 293, 42 L.Ed. 682.

■ We hold that the name of plaintiff as given in the title of the complaint complies with the requirements of Rule 10 (a).[2]

■ We hold also that it was not necessary under Rule 9 (a) to aver in the complaint the capacity of the plaintiff or the authority under which she was acting.

Having inquired "into the facts as they really exist," we hold that suit was brought by plaintiff as an ancillary administratrix under the authority granted by the State of Pennsylvania.

We also hold that the question of whether or not a foreign administratrix has capacity to sue as such under the laws of Pennsylvania is not now before us for decision.

■ Under Rule 17 (b) the capacity of one in a representative capacity is to be determined by Pennsylvania law.

■ As to the survival action, the statute itself requires the personal representative to be the party plaintiff. Act June 7, 1917, P.L. 447, Section 35(b), as amended July 2, 1937, P.L. 2755, Section 2, 20 P.S. § 772; Pezzulli v. D'Ambrosia, 1942, 344 Pa. 643, 26 A.2d 659, where for the first time the act as amended was before a Pennsylvania appellate court for interpretation; Funk v. Buckley & Co., Inc., 158 Pa.Super. 586, 45 A.2d 918; Piacquadio v. Beaver Valley Service Co., 1946, 355 Pa. 183, 49 A.2d 406; Kriesak v. Crowe, D.C. M.D.Pa., 36 F.Supp. 127.

"The second, or survival, action is not a new action. It existed at common law, and the effect of the Fiduciaries Act of 1917 (§ 35 [b] as enacted July 2, 1937, P.L. 2755, § 2, 20 P.S. § 772, often called the Survival Act) is merely to continue in the decedent's personal representatives the right of action which accrued to the decedent at common law because of the tort. The personal representatives bring the action on behalf, and as fiduciaries, of the estate; the proceeds of the recovery belong to the estate, are available for the payment of the decedent's debts, and are distributed to the legatees or heirs or distributees as general assets of the estate." Funk v. Buckley & Co., Inc., 158 Pa.Super. 586, at page 591, 45 A.2d 918, 921.

■■ Finally as to the wrongful death statute and the question as to the proper party plaintiff, defendants refer to Rule 17 (a). That rule reads inter alia, "Every

[2] Jenkins v. Pullman Co., 9 Cir., 96 F. 2d 405, at page 408; Appeal of Estate of W. L. Powell. 80 Pa.Super. 585; Wil-son's Estate, to Use of Patterson, v. Transportation Ins. Co., 113 Pa.Super. 405, 173 A. 722.

action shall be prosecuted in the name of the real party in interest; but an \* \* \* administrator \* \* \* or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought \* \* \*."

Here the party plaintiff is the administratrix, the party authorized by statute, and the real party in interest. 2 Moore's Federal Practice, p. 2070, Section 17.11.[3] By the addition of executor, administrator, etc., after the first sentence in 17 (b), the intention was not to make an exception to the general introductory statement but to add certain designated persons for illustrative purposes out of caution. The real party in interest rule was not designed to change substantive law. By substantive law it is the duty of the administrator to enforce the rights of the estate which he represents. It is only when the fiduciary is derelict in his duty that the beneficial owner obtains a right of action. Accordingly courts have generally adopted the construction that those within the enumeration are real parties in interest.

The administrator is the proper party plaintiff in the courts held within the state of his appointment. Ibid. Whether a foreign administrator, executor or guardian has power to sue is not affected by the real party in interest rule that raises solely a question of his capacity. Id.

Where a party sues as administratrix, it is her citizenship that is material. Rice v. Houston, 1871, 13 Wall. 66, 20 L. Ed. 484; Mecom v. Fitzsimmons Drilling Co., 1931, 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233, 77 A.L.R. 904; Prince v. New York Life Ins. Co., D.C.Mass.1938, 24 F.Supp. 41.

Plaintiff is also the "party authorized by statute" to sue.

Where all the operative facts relative to an action occur in Pennsylvania, the Federal court is required to apply Pennsylvania decisions insofar as the action is controlled by case law. Funk v. Hawthorne, 3 Cir., 138 F.2d 686. As to the wrongful death action in Pennsylvania and the requirements as to the proper party plaintiff, see Pezzulli v. D'Ambrosia, supra; Funk v. Buckley & Co., Inc., supra; Piacquadio v. Beaver Valley Service Co., supra.

Defendants set forth Rule 17 (b) but overlook in their argument the provision which names an administrator as a real party in interest, authorizing suit in his name in the Federal court. That in itself would meet the challenge of defendants that plaintiff administratrix is not the proper party plaintiff.

We may add, however, that plaintiff administratrix is also the proper party plaintiff under the provision authorizing the "party authorized by statute to sue."

In Pennsylvania the party authorized by statute to sue in actions for wrongful death is the personal representative. The Supreme Court of Pennsylvania has adopted a rule of procedure known as Rule 2202, which provides as follows:

"(a) Except as otherwise provided in clause (b) of this rule, an action for wrongful death shall be brought only by the personal representative of the decedent for the benefit of those persons entitled by law to recover damages for such wrongful death.

"(b) If no action for wrongful death has been brought within six months after the death of the decedent, the action may be brought by the personal representative or by any person entitled by law to recover damages in such action as trustee ad litem on behalf of all persons entitled to share in the damages.

---

[3] Ibid. p. 2005, Section 17.01; p. 2011, Section 17.02; p. 2013, Section 17.03; p. 2042, Section 17.06. "The petitioner insists that, where an administrator is required to bring the suit under a statute giving a right to recover for death by wrongful act, and is, as here, charged with the responsibility for the conduct or settlement of such suit and the distribution of its proceeds to the persons entitled under the statute, and is liable upon his official bond for failure to act with diligence and fidelity, he is the real party in interest, and his citizenship, rather than that of the beneficiaries, is determinative of federal jurisdiction. This we think is the correct view." Mecom v. Fitzsimmons Co., 284 U.S. 183, at page 186, 52 S.Ct. 84, 86, 76 L.Ed. 233, 77 A.L.R. 904.

"(c) While an action is pending it shall operate as a bar against the bringing of any other action for such wrongful death."

Those rules became effective September 4, 1939, and pertain only to the wrongful death action. They in no way effect the procedure in an action brought to recover damages under the Survival statute.

▪ Those rules have the same effect in law as a statute specifically passed by the legislature. The Act of June 21, 1937, P.L. 1982, 17 P.S. § 61 et seq., authorized the Supreme Court of Pennsylvania to prescribe by general rules the practice and procedure in Pennsylvania courts. Section 1 also provided that the operation of any act relating to practice and procedure inconsistent with such rules shall be suspended insofar as they are inconsistent with said rules. The procedural provisions of the Act of 1851 as amended by the Act of 1855, as interpreted by the Pennsylvania courts were suspended by the Act of 1937 and the rule adopted pursuant thereto.

▪ "The wrongful death and the survival actions, although now redressed in one suit or trial under Pa.R.C.P. No. 213 (e), 12 P.S.Appendix, are distinct and separate actions, entirely dissimilar in nature, and are cumulative not alternate. The first was unknown to the common law and rests upon statutes. It is provided and regulated by the Act of April 15, 1851, P.L. 669, § 19, as amended by the Act of April 26, 1855, P.L. 309, as further amended by the Act of June 7, 1911, P.L. 678; and the Act of May 13, 1927, P.L. 992, 12 P.S. §§ 1601–1604.* The Act of 1851 as amended is often called the Wrongful Death Act. This action may be brought only by a class of persons recognized by the law as usually and ordinarily dependent upon a decedent, namely, the spouse, children or parents, and then only if suit was not instituted by the injured party in his lifetime. Under Pa. R.C.P. No. 2202, which applies only to wrongful death actions, the action is instituted by the decedent's personal representatives for the benefit of the persons entitled under the act to damages for the death. The damages recovered are payable immediately to the dependents and form no part of the assets of the decedent's estate. The recoverable damages, in addition to certain expense items enumerated in the Act of 1927, supra, consist of the pecuniary loss to the decedent's statutory dependents suffered by depriving them of that part of his earnings which they would have received from him had he lived. Pezzulli v. D'Ambrosia, 344 Pa. 643, 26 A.2d 659; Gaydos v. Domabyl, 301 Pa. 523, 152 A. 549; Kaczorowski v. Kalkosinski, 321 Pa. 438, 184 A. 663, 104 A.L.R. 1267; Stegner v. Fenton, 351 Pa. 292, 40 A.2d 473. In wrongful death cases, the suit is based upon the liability of the tort-feasor to decedent's dependents, notwithstanding that now the action is brought for them by the personal representatives.

The Pennsylvania rules of procedure govern the practice in the Pennsylvania courts. However, the Federal rule sets up as the standard for the party plaintiff and the real party in interest, "the party authorized by statute to sue." We therefore are obliged to go to the Pennsylvania statutes to see who that party is.

There is nothing in Rothschild v. Ritter, D.C., 4 F.R.D. 495, that in any way conflicts with this interpretation of Rule 17 (b).

By analogy there have been situations where state legislatures have adopted a method of procedure or have created a right, and have restricted by the terms of the statute the courts in which that particular right might be pursued. In such cases, it has been held in the Federal courts that no action on the part of the state legislature could remove the jurisdiction of the Federal courts in the event that the requirements as to diversity and jurisdictional amount were present.[4]

---

* "* * * For an illuminating analysis and comparison of all the death and survival statutes cited in the opinion, see Goodrich-Amram Annotations, §§ 2201–1 to 2201–40." Funk v. Buckley & Co., Inc., supra, 158 Pa.Super. at pages 590, 591, 45 A.2d at page 920

[4] See Angel v. Bullington, 4 Cir., 150 F.2d 679, at page 680. "It is well settled that when a claim or cause of action exists, and the jurisdictional requisites prescribed by the Constitution and laws of the United States obtain, a federal District Court has jurisdiction; and this

We have therefore disposed of defendants' reasons assigned in their motion to dismiss. We have found that each of them is without merit.

We find that plaintiff has stated a claim upon which relief can be granted; that the plaintiff administratrix is the proper party plaintiff and the real party in interest.

For the foregoing reasons, the defendants' motion is dismissed. An order to that effect will be filed forthwith.

jurisdiction cannot be limited or taken away by state statutes. This has been consistently held by the Supreme Court of the United States in a long line of cases. See, Suydam v. Broadnax, 1840, 14 Pet. 67, 10 L.Ed. 357; Union Bank of Tennessee v. Vaiden, 1855, 18 How. 503, 506, 15 L.Ed. 472; Chicago & N. W. R. Co. v. Whitton ['s Adm'r], 1871 13 Wall. 270, 20 L.Ed. 571; David Lupton's Sons [Co.] v. Automobile Club of America, 1912, 225 U.S. 489, 32 S.Ct. 711, 56 L.Ed. 1177, Ann.Cas.1914A, 699. See, also, Moore, Federal Practice, V. I., § 207, p. 208; Dobie on Federal Procedure, Section 86, p. 336; Article 3, § 2 of the Federal Constitution; 28 U.S.C.A. § 41(1)."

See Angel v. Bullington, 330 U.S. 183, at page 188, 67 S.Ct. 657; see also dissenting opinion of Reed, J., 330 U.S. at page 198, 67 S.Ct. 662.