Irene **HILL**, Administratrix of the Estate of Benjamin Hill, Deceased, Plaintiff,

v.

Phillip **ARRIEN**, Deputy Commissioner, United States Employees Compensation Commission, Third Compensation District, Defendant,

American Mutual Casualty Insurance Company and Ryan Stevedoring Company, Inc., Intervenors.

**RYAN STEVEDORING COMPANY**, Inc. and American Mutual Casualty Insurance Company

v.

Phillip **ARRIEN**, Deputy Commissioner, United States Employees Compensation Commission, Third Compensation District,

Irene Hill, Administratrix of the Estate of Benjamin Hill, Deceased, Intervenor.

Civ. A. Nos. 70–2834, 70–3051.

United States District Court, E. D. Pennsylvania.

Jan. 20, 1972.

Milton M. Borowsky, Freedman, Borowsky & Lorry, Philadelphia, Pa., for plaintiff.

Louis C. Bechtle, U. S. Atty., John F. Penrose, Asst. U. S. Atty., Philadelphia, Pa., for defendant Phillip Arrien.

Frederick L. Fuges, Philadelphia, Pa., for defendants American Mut. Casualty Ins. Co. and Ryan Stevedoring Co.

## OPINION AND ORDER

JOSEPH S. LORD, III, Chief Judge.

This case arises from an accident on March 17, 1955 in which Benjamin Hill, a longshoreman, was killed while working on board the S.S. "Yaka" in the port of Philadelphia. At the time, he was in the employ of the Ryan Stevedoring Company. American Mutual Casualty Company (insurer) was the compensation carrier for Ryan.

Following the accident, Hill's administratrix, Irene Hill (his wife), brought a third-party action against the owner of the vessel, pursuant to 33 U.S.C. § 933. Recovery was sought under the Pennsylvania Wrongful Death Act, 12 P.S. § 1601 et seq., and the Survival Act, 20 P. S. § 320.601. Insurer properly suspended compensation payments ($35 per week) to Mrs. Hill, for the benefit of her and her children, pending the outcome of this third-party action.

The third-party action resulted in no recovery under the Wrongful Death Act, but Hill's estate received a net of $6,836.20 under the Pennsylvania Survival Act. On September 9, 1959, the insurer reinstated the weekly payments. At that time, accrued payments for the past 234 weeks amounted to $8,190.00. The insurer claimed a set-off in the amount of the estate's net recovery ($6,836.20), basing its claim on Section 933(f) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U. S.C. § 933(f). The insurer thus remitted to Hill's wife and children the balance of $1,353.80.

Mrs. Hill promptly requested the Deputy Commissioner to make a determination that the insurer had no right to credit the recovery under the Survival Act against its liability to pay accrued death benefit compensation to her and her children. For some unexplained reason, there was a great delay until the Deputy Commissioner reached a decision. During this delay, Mrs. Hill added a claim for interest on the amount set-off by the insurer ($6,836.20) in 1959, if it was ultimately determined that she was entitled to these accrued compensation payments.

On October 3, 1968 the Deputy Commissioner held that the net recovery of $6,836.20 by the decedent's estate under the Survival Act could not be applied against those payments due as compensation to a decedent's dependents for a death claim under the Longshoremen's and Harbor Workers' Compensation Act, and recommended that the payment of $6,836.20 be made forthwith to the claimant widow after the deduction of a reasonable attorney's fee. There was no mention whatsoever in this recommendation of interest. On November 14, 1968, the employer and its carrier paid the recommended award to Mrs. Hill.

Mrs. Hill then informed the Deputy Commissioner some two months later that she still desired a determination of whether she was entitled to interest on the sum of $6,836.20 which was paid to her. Interest was alleged to be due from 1959, when the third-party action was finally completed, until November 14, 1968 when the insurer actually paid her the accrued payments after the Deputy Commissioner's determination that they could not be set off. On October 5, 1970 the Deputy Commissioner issued an order denying this claim for the payment of interest on the $6,836.20.

802

Mrs. Hill brought civil action 70–2834, asking this court to set aside the Deputy Commissioner's order denying her claim for interest. The employer, Ryan, and its insurer, brought civil action 70–3051, asking us to set aside the Deputy Commissioner's determination that the $6,836.20 recovered in the third-party action could not be set off against the compensation obligation.

We have jurisdiction of both these actions under 33 U.S.C. § 921(b). Essentially, they are cross-appeals based on the same record made by the respective plaintiffs as adversary parties before the Deputy Commissioner in proceedings under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. Therefore, we consolidated these actions for a joint decision on the merits.

### SET–OFF

■ The foundation of Ryan's position is that it is entitled to a set-off because of the wording of § 933(f) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 933(f). Though § 933(f) has since been amended, the law as it stood at the time of the incident in question applies. *See e. g.,* Smith v. A. H. Bull Steamship Co., 208 F.Supp. 172, 174 (D.Md.1962). Section 933(f) provided at that time as follows:

"If the person entitled to compensation *or the representative* elects to recover damages against such third person * * * the employer shall be required to pay as compensation under this chapter a sum equal to the excess of the amount which the secretary determined is payable on account of such injury or death over the amount recovered against such third person." (Emphasis added.)

Ryan's argument is that since Mrs. Hill was "the representative" suing in the Survival Act suit, the statute's language requires that there be a set-off of the recovery in that action against compensation payments owed to her and her children.

■ At the outset, it must be kept in mind that this Act "must be liberally construed in conformance with its purpose, and in a way which avoids harsh and incongruous results." Reed v. Steamship Yaka, 373 U.S. 410, 415, 83 S.Ct. 1349, 1353, 10 L.Ed.2d 448 (1963); Voris v. Eikel, 346 U.S. 328, 333, 74 S. Ct. 88, 98 L.Ed. 5 (1953).

■ Under Pennsylvania law, the Wrongful Death Action and the Survival Action "are entirely dissimilar in nature." Pezzulli, Admr. v. D'Ambrosia, 344 Pa. 643, 26 A.2d 659 (1942). The Wrongful Death Action is for the benefit of the wife and children of the person killed by another's negligence, with the damages recoverable being measured by the pecuniary loss to them occasioned by the death. The Survival Action on the other hand, continues in the personal representatives "the right of action which accrued to the deceased at common law because of the tort; the damages recoverable are measured by the pecuniary loss occasioned to *him,* and therefore to *his estate,* by the negligent act which caused his death." (Footnote omitted.) Pezzulli, *supra,* at 647, 26 A. 2d at 661; accord, Curtis v. A. Garcia Y Cia, 241 F.2d 30, 37 (3rd Cir. 1957).

■ All damages recovered in a Survival Action suit by the representative accrue to the estate of the deceased. Burns v. Goldberg, 210 F.2d 646 (3rd Cir. 1954). The ultimate disposition of the proceeds of any recovery is a matter to be determined later in the state Orphans' Court, such recovery being distributable as part of the estate. However, the ultimate distribution has no relevance in determining either liability or damages in the survival action. Greene v. Basti, 391 F.2d 892 (3rd Cir. 1968); Frazier v. Oil Chemical Co., Inc., 407 Pa. 78, 179 A.2d 202 (1962); Fisher v. Dye, 386 Pa. 141, 125 A.2d 472 (1956).

■ Thus, though Mrs. Hill instituted the Survival Action, she did so only as representative of her husband's estate, and the entire recovery of $6,836.20

was for the benefit of that estate, with nothing going to her or her children.

■ Congress in §§ 908 and 909 of the Act provided for two distinct categories of compensation. Section 908 provides for employer compensation to the disabled employee, while § 909 "deals exclusively and separately with equitable provision for dependents of a deceased workman according to a scheme geared to their interests and reasonable claims." Penn Jersey Welding Co. v. Lowe, 183 F.2d 936, 937–938 (3rd Cir. 1950). The Survival Act is an extension to his estate of the right of recovery that an employee has under § 908, if he claims compensation while alive, and is totally unconnected to an employer's obligation of compensation to the widow and children of the employee under § 909. In this case, Mr. Hill died shortly after his accident, and no disability payments had been made to him under § 908. Therefore, the third party recovery by the estate in the Survival Act suit was exclusive of any benefits which the employer had paid.

We hold that the employer and its insurer cannot apply the recovery by decedent's estate under the Pennsylvania Survival Act as a set-off against compensation benefits owed to decedent's wife and children under § 909 of the Longshoremen's and Harbor Workers' Act. In affirming the order of the Deputy Commissioner, we follow the lead of other courts which have reached the same conclusion in analogous situations. See Hitt v. Cardillo, 76 U.S.App.D.C. 334, 131 F.2d 233 (1942); Funk v. Buckley & Company, Inc., 158 Pa.Super. 586, 45 A.2d 918 (1946); Schwabacher v. International Salt Co., 272 App.Div. 173, 70 N.Y.S.2d 370; aff'd. 298 N.Y. 726, 83 N.E.2d 140 (1948).

It is true that a recovery by a decedent's estate might eventually go to the widow and children, if there are no outstanding creditor claims against the estate. The fact that Mrs. Hill and her children got some or all of the money recovered in the Survival Act action lends no support to the contention of Ryan and its insurer that they should be allowed a set-off. If they "are entitled to the credit which they are seeking here then by the same token they would be entitled to credit themselves with the widow's share of any other property coming to her from the estate of her husband." Schwabacher, *supra*, 70 N. Y.S.2d at 373. We find no provision in the Longshoremen's and Harbor Workers' Compensation Act calling for such a result. "In the absence of language plainly demanding it, a construction is not to be favored which visits a forfeiture on the employee or his dependent and gives a windfall to the insurance carrier." Bell v. O'Hearne, 284 F.2d 777 (4th Cir. 1960).

### INTEREST

After the Deputy Commissioner recommended in 1968 that Ryan and its insurer pay Mrs. Hill the $6,836.20 in dispute because he found that they were not entitled to a set-off, payment was made. Mrs. Hill claimed interest on this amount for the period from 1959 when the third party action proceedings were completed until November 14, 1968 when she accepted the offer of payment. The Deputy Commissioner denied this claim for interest in an order issued October 5, 1970.

■ It is apparent that the Deputy Commissioner has not violated the law in making his ruling. The lone provisions for the payment of interest under the Act are found in § 914 and deal with situations wherein the employer has defaulted on compensation payments. In this case the employer was at no time in default on its payments to Mrs. Hill and her children, having rightfully halted such payments pursuant to 33 U.S.C. § 914(d) while the third party action was pending, resuming them upon

notification of the final disposition of that action. Its refusal to pay some of the accrued back compensation payments at that time (1959) based on its claim of a set-off was properly asserted even though eventually determined to be erroneous. Since no provision of the Act requires payment of interest in this type of situation, the only question is whether the record supports the Deputy Commissioner's discretionary determination that no interest need be paid.

> "The rule of judicial review has * * * emerged that the inferences drawn by the Deputy Commissioner are to be accepted unless they are irrational or 'unsupported by substantial evidence on the record as a whole.'" O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc., 380 U. S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895 (1965).

We agree with Mrs. Hill that it is regrettable that it took nine years to get a determination from the Deputy Commissioner that a set-off by the employer and its insurer was improper. It is true that during this time the insurer had the use of the money in dispute, and Mrs. Hill did not. However, during this time the right to the sum was honestly contested. It was not due under any award or judgment and was legally, if erroneously, withheld. It is not denied that payment of the $6,836.20 was promptly offered and accepted after the Deputy Commissioner finally made his determination in 1968 that a set-off violated the Act. Though this court may have reached a different conclusion if initially deciding the question, considering the equities of the situation it cannot be said that the Deputy Commissioner's ruling denying interest was an abuse of discretion.

Therefore, the order of the Deputy Commissioner of October 5, 1970 denying interest is affirmed.