## Smalich v. PennDOT

C.P. of Westmoreland County, no. 3253 of 1996.

*Michael J. Macko,* for plaintiff Smalich.
*John W. Pollins III,* for plaintiff Suhan.
*Brian H. Baxter,* for defendant PennDOT.
*Timothy J. Burdette,* for defendant Mt. Pleasant.
*Jon M. Lewis,* for defendants William B. and Irene Uschock.

LOUGHRAN, *J.*, July 2, 1997—The instant case arises from a one-vehicle accident that occurred on Pennsylvania State Route 981 on February 10, 1996 in Mount Pleasant Township, Westmoreland County, Pennsylvania. The plaintiff's decedent, Mary K. Smalich, allegedly lost control of her vehicle on an ice patch, resulting in an accident in which she died. PennDOT, as well as the adjoining property owner, have been sued allegedly due to a drainage problem which created the ice patch, which in turn caused the accident. Plaintiff has also alleged in the second amended complaint that PennDOT was negligent in failing to construct and maintain guiderail on S.R. 981 thereby creating a dangerous condition.

PennDOT has filed preliminary objections as to the guiderail negligence paragraphs and as to certain items of damages. Specifically, in addition to a claim filed by the administrator of the estate, a separate and distinct claim in the caption of the amended complaint has been filed by Jessica Suhan, a minor, by Jeremy Suhan, her father and natural guardian. These claims are set forth with more particularity in paragraphs 22 through 26 of the plaintiffs' amended complaint.

In the plaintiffs' amended complaint, it is asserted that it is proper to have claims by two plaintiffs, since PennDOT can be sued in both a wrongful death and survival cause of action. It is PennDOT's position that while both a survival and wrongful death cause of action may be asserted, these claims must be asserted by one plaintiff and that the proper plaintiff would be the administrator of the estate.

The plaintiffs have filed preliminary objections to PennDOT's preliminary objections pertaining to the guiderails. The plaintiffs contend that PennDOT should have raised the guiderail matter raising sovereign im-

munity by new matter in accordance with Rule 1030 of the Rules of Civil Procedure.

While the plaintiffs are technically correct, it is obvious to this court that the guiderail issue is clearly governed by *Rothermel v. PennDOT,* 672 A.2d 837 (Pa. Commw. 1996), which holds that an action for failure to provide or maintain guiderails does not fall within the real property exception to sovereign immunity. Accordingly, paragraphs 10.6, 10.6(1) and 10.6(2) of plaintiffs' complaint will be ordered stricken as they pertain to the guiderails. To require PennDOT to file an answer and new matter, and again come before the court upon a pleading motion would be a complete waste of judicial time, in this particular case.

As to the preliminary objections concerning damages and who may claim them, damages which may be recovered against a state agency are set forth at 42 Pa.C.S. §8528 permitting wrongful death and survival actions. However, this statutory grant does not convey upon persons entitled by law to recover damages for wrongful death to maintain separate actions as co-parties. *Tulewicz v. SEPTA,* 529 Pa. 588, 597 n.9, 606 A.2d 427, 431 n.9 (1992). The action for the benefit of these parties must be brought by the personal representative of an estate. Claims for loss of service and society of a parent cannot be brought individually by a child, as the plaintiff's attorney has done in this complaint. These claims are the type of claims that are brought in a wrongful death action according to the statutory procedures. *Steiner by Steiner v. Bell Telephone Co.,* 358 Pa. Super. 505, 517 A.2d 1348 (1986).

In the instant case, there is no basis under Pennsylvania law for the *separate* claims brought by Jessica Suhan, a minor, by Jeremy Suhan, her father and natural guardian. These claims must be deleted from the caption

of the case as well as from paragraphs 22 through 26 of the complaint.

Pennsylvania Rule of Civil Procedure 2202 sets forth the parties entitled to bring an action in wrongful death. The rule clearly provides that only the personal representative of the decedent may bring an action in wrongful death within six months following the death of the decedent. After that, only the personal representative or any person entitled by law to recover damages may bring an action as *trustee ad litem* on behalf of those persons entitled to recover pursuant to 42 Pa.C.S. §8301.

Only when the fiduciary (personal representative) is derelict in his duty does the beneficial owner obtain a right of action. *Suders v. Campbell*, 73 F. Supp. 122 (M.D. Pa. 1947). Here, the personal representative has brought an action; therefore, all other actions or counts brought by anyone else as plaintiff are barred.

In *Beascoechean v. Sverdrup and Parcel and Assoc. Inc.*, 486 F. Supp. 169 (1980), the plaintiff, administratrix of her husband's estate, brought suit under the Wrongful Death and Survival Acts. Subsequently, she sought to amend her complaint by adding her minor son, represented by the plaintiff as his mother and guardian, as a party plaintiff to the complaint. The district court denied the petition with a discussion of the Pennsylvania Wrongful Death and Survival Acts, that summarizes the objection before this court at p. 173 as follows:

"[3, 4] Pennsylvania law provides that 'an action for wrongful death shall be brought *only by the personal representative* of the decedent for the benefit of those persons entitled by law to recover damages for such wrongful death.' Pa.R.C.P. 2202(a). (emphasis added) Only if the personal representative fails to institute suit

within six months of the decedent's death may any person entitled by law to recover damages therefor sue on his own behalf. Pa.R.C.P. 2202(b). A survival action, on the other hand, is not a new cause of action at all, but 'merely continues in [the decedent's] personal representatives the right of action which accrued to the deceased at common law because of the tort.' *Pezzulli v. D'Ambrosia*, 344 Pa. 643, 26 A.2d 659 (1942). Only when the fiduciary is derelict in his duty does the beneficial owner obtain a right of action. *Suders v. Campbell*, 73 F. Supp. 112 (M.D. Pa. 1947). See also, *Finn v. Dugan*, 260 Pa. Super. 367, 394 A.2d 595 (1978) ('[a]ll actions that survive a decedent must be brought by ... a personal representative'). In the case at bar plaintiff, as administratrix of her husband's estate, has already brought suit under the wrongful death and survival acts. 20 Pa.C.S. §3373 (Purdon) and 42 Pa.C.S. §8301 (Purdon). Consequently, her son may not bring suit under either of these provisions."

The rule makes it clear that the individual beneficiaries should only be parties if the personal representative fails to file suit, which has obviously not occurred here. Since Mark Smalich, administrator of the estate of Mary Kay Smalich, deceased, has already filed a claim, there is no basis for a separate death case to be filed by Jessica Suhan, a minor, by Jeremy Suhan, her father and natural guardian, and accordingly, this claim must be stricken.

The plaintiffs are correct in their position that PennDOT can be sued both for wrongful death and survival. The plaintiffs' position is incorrect, however, in asserting that one plaintiff can file the wrongful death cause of action and one plaintiff can file the survival cause of action. To the contrary, there must only be one plaintiff who brings both the wrongful death and survival causes of action.

Accordingly, the following order will be entered:

ORDER

And now, to wit, July 2, 1997, after review and careful consideration of the within matter, it is hereby ordered, adjudged and decreed that the preliminary objections of PennDOT are granted and paragraphs 10.6, 10.6(1), 10.6(2), and paragraphs 22 through 26 are stricken and captioned parties "Jessica Suhan, a minor, by Jeremy Suhan, her father and natural guardian," are dismissed as captioned parties. Further, the preliminary objections of the plaintiff are denied.